IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GEORGE MARK TUGGLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action |
| | ) | File No.: 1:06-CV-0272-ODE |
| CLAYTON COUNTY SHERIFF | ) | |
| VICTOR HILL, in both his | ) | |
| official and individual capacities and | ) | |
| DEPUTY SHERIFF JOANNE | ) | |
| BORRELLI, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANT CLAYTON COUNTY SHERIFF VICTOR HILL'S, IN BOTH HIS OFFICIAL AND INDIVIDUAL CAPACITIES, ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Clayton County Sheriff Victor Hill, in both his official and individual capacities, (hereinafter "Sheriff Hill") by his undersigned counsel hereby submits his Answer in the above-styled action and specifically states as follows:

## **INTRODUCTION**

1.

Defendant Sheriff Hill admits that Plaintiff has filed a Complaint asserting certain claims against him. The allegations contained in Plaintiff's Complaint speak for themselves. Defendant Sheriff Hill denies the remaining allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.

Defendant Sheriff Hill admits the allegations contained in Paragraph 2 of Plaintiff's Complaint if the claims are valid, which Defendant Sheriff Hill denies. Defendant Sheriff Hill denies any violation of any federal civil right statute has occurred by this Defendant.

3.

Defendant Sheriff Hill admits that venue is proper in the Northern District of Georgia. Defendant Sheriff Hill is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 3 of Plaintiff's Complaint and therefore denies the same on that basis.

## **PARTIES**

### 4.

Defendant Sheriff Hill is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 of Plaintiff's Complaint and therefore denies the same on that basis.

### 5.

Defendant Sheriff Hill admits that he is a citizen of the State of Georgia, and is subject to the personal jurisdiction of this Court. Further, Defendant Sheriff Hill admits that he may be served at the Clayton County Sheriff's Office. Responding further, Defendant Hill states that Plaintiff's Complaint, and the allegations contained therein, speak for themselves. Defendant Sheriff Hill denies the remaining allegations, if any, contained in Plaintiff's Complaint.

### 6.

Defendant Sheriff Hill admits that he is the duly elected Sheriff of Clayton County, Georgia, and that he assumed office on January 1, 2005. Defendant Sheriff Hill admits that he took the oath of office for the Sheriff of Clayton County, Georgia, which the content of such oath speaks for itself. Defendant

Sheriff Hill denies the remaining allegations, if any, contained in Paragraph 6 of Plaintiff's Complaint.

7.

Defendant Sheriff Hill denies the allegations contained in Paragraph 7 of Plaintiff's Complaint, as pled, as calling for legal conclusions. Further responding, Defendant Sheriff Hill denies the remaining allegations, if any, contained in Paragraph 7 of Plaintiff's Complaint.

8.

Defendant Sheriff Hill admits that Plaintiff has asserted certain claims against him in both his official and individual capacities. Defendant Sheriff Hill denies the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint, as pled, as calling for legal conclusions.

9.

Defendant Sheriff Hill denies the allegations contained in Paragraph 9 of Plaintiff's Complaint, as pled, as calling for legal conclusions. Further responding, Defendant Sheriff Hill denies the remaining allegations, if any, contained in Paragraph 9 of Plaintiff's Complaint.

## 10.

Defendant Sheriff Hill denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

## 11.

Defendant Sheriff Hill admits the allegations contained in Paragraph 11 of Plaintiff's Complaint.

## 12.

Defendant Sheriff Hill admits that Borrelli (now Sutherland) is employed by the Clayton County Sheriff's Office and took an oath of office on or about January 3, 2005, which the content of such oath speaks for itself. Defendant Sheriff Hill denies the remaining allegations, if any, contained in Paragraph 12 of Plaintiff's Complaint.

## 13.

Defendant Sheriff Hill admits that Deputy Sheriff Borrelli was involved in the securing of the warrants from the magistrate judge. Defendant Sheriff Hill denies the allegations contained in Paragraph 13 of Plaintiff's Complaint, as pled, as calling for legal conclusions. Further responding, Defendant Sheriff Hill denies

the remaining allegations, if any, contained in Paragraph 13 of Plaintiff's Complaint.

## **FACTUAL ALLEGATIONS**

### 14.

Upon information and belief, Defendant Sheriff Hill states that Plaintiff's brother is Stanley Tuggle. Further responding, Defendant Sheriff Hill admits the remaining allegations contained in Paragraph 14 of Plaintiff's Complaint.

### 15.

Defendant Sheriff Hill admits the allegations contained in Paragraph 15 of Plaintiff's Complaint.

### 16.

Defendant Sheriff Hill admits that that on January 3, 2005, certain Clayton County Sheriff's Deputies were sworn in at a ceremony held at the Clayton County Sheriff's Office. Further, Defendant Sheriff Hill avers that certain former Clayton County Sheriffs' Deputies were not re-sworn. Defendant Sheriff Hill denies the remaining allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.

Defendant Sheriff Hill avers that certain former Clayton County Sheriffs' Deputies, after they were not re-sworn by Sheriff Hill, filed several lawsuits. Further, Defendant Sheriff Hill admits that certain former Clayton County Sheriffs' Deputies were reinstated to their former positions by court order. Defendant Sheriff Hill denies the remaining allegations contained in Paragraph 17 of Plaintiffs' Complaint.

18.

Upon information and belief, Defendant Sheriff Hill states that Plaintiff is the brother of the former Clayton County Sheriff, Stanley Tuggle. Defendant Sheriff Hill denies that he committed any unlawful act. Further responding, Sheriff Hill is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations regarding the allegations that the Clayton County Sheriffs' Deputies who were not re-sworn were the "most experienced" and "best trained law enforcement officers in the County." Defendant Sheriff Hill is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 18 of Plaintiff's Complaint and therefore denies the same on that basis.

19.

Upon information and belief, Defendant Sheriff Hill states that Plaintiff made several telephone calls to the Clayton County Sheriff's Office and left several voice messages. Upon information and belief, Defendant Sheriff Hill states that Plaintiff referred to him as "that short little bastard Sheriff." Defendant Sheriff Hill is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 19 of Plaintiff's Complaint and therefore denies the same on that basis.

20.

Upon information and belief, Defendant Sheriff Hill states that Plaintiff spoke with Jon Antoine and identified himself. Upon information and belief, Defendant Sheriff Hill states that Plaintiff told Jon Antoine that "firing these people who had families was low; anyone who would do that is scum." Responding further, Defendant Sheriff Hill is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 20 of Plaintiff's Complaint and therefore denies the same on that basis.

21.

Defendant Sheriff Hill admits that he requested that the voice messages be saved. Further responding, Defendant Sheriff Hill admits that Jon Antoine investigated Plaintiff's harassing voice messages, and subsequently prepared a report. Defendant Sheriff Hill denies the remaining allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.

Defendant Sheriff Hill denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.

Defendant Sheriff Hill denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.

Defendant Sheriff Hill denies that he committed any unlawful act. Defendant Sheriff Hill denies the remaining allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.

Defendant Sheriff Hill denies that he committed any unlawful acts. Defendant Sheriff Hill denies the remaining allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.

Upon information and belief, Defendant Sheriff Hill states that a Clayton County Magistrate Judge, after reviewing certain evidence, found probable cause to issue two warrants for Plaintiff's arrest. Defendant Sheriff Hill denies the remaining allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.

Upon information and belief, Defendant Sheriff Hill states that a Clayton County Magistrate Judge, after reviewing certain evidence, found probable cause to issue two warrants for Plaintiff's arrest. Defendant Sheriff Hill admits the remaining allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.

Defendant Sheriff Hill is without sufficient knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 28 of Plaintiff's Complaint and therefore deny the same on that basis.

29.

Defendant Sheriff Hill states that he informed Chief Cassels that Plaintiff should be treated like any other citizen. Defendant Sheriff Hill, upon information and belief, admits that Plaintiff did turn himself into the jail prior to 7:00 p.m. Further responding, Defendant Sheriff Hill is without sufficient knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 29 of Plaintiff's Complaint and therefore denies the same on that basis.

30.

Defendant Sheriff Hill is without sufficient knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 30 of Plaintiff's Complaint and therefore denies the same on that basis.

31.

Defendant Sheriff Hill denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.

Defendant Sheriff Hill denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.

Upon information and belief, Defendant Sheriff Hill states that it is standard operating procedure to check an arrestee's blood pressure during the intake process. Defendant Sheriff Hill is without sufficient knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 33 of Plaintiff's Complaint and therefore denies the same on that basis.

34.

Defendant Sheriff Hill is without sufficient knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 34 of Plaintiff's Complaint and therefore denies the same on that basis.

35.

Defendant Sheriff Hill denies that orange jumpsuits denote that the person in custody committed a "violent felony." Further responding, Sheriff Hill is without sufficient knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 35 of Plaintiff's Complaint and therefore denies the same on that basis.

36.

Defendant Sheriff Hill admits that Plaintiff was fingerprinted and photographed, but Defendant Sheriff Hill is without sufficient knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 36 of Plaintiff's Complaint and therefore denies the same on that basis.

37.

Defendant Sheriff Hill denies the allegations contained in Paragraph 37 of Plaintiff's Complaint, except that the media requested the photograph, which was provided at their request.

38.

Defendant Sheriff Hill is without sufficient knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 38 of Plaintiff's Complaint and therefore denies the same on that basis.

39.

Defendant Sheriff Hill is without sufficient knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 39 of Plaintiff's Complaint and therefore denies the same on that basis.

40.

Defendant Sheriff Hill admits the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.

Defendant Sheriff Hill admits the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.

Upon information and belief, Defendant Sheriff Hill states that the criminal charges against the Plaintiff were ultimately dismissed. Defendant Sheriff Hill is without sufficient knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 42 of Plaintiff's Complaint and therefore denies the same on that basis.

43.

Defendant Sheriff Hill admits the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44.

Defendant Sheriff Hill denies the allegations contained in Paragraph 44 of Plaintiff's Complaint.

AT:361856v1

45.

Defendant Sheriff Hill denies the allegations contained in Paragraph 45 of Plaintiff's Complaint.

## COUNT I

## FOURTH AMENDMENT – 42 U.S.C. §1983

**(False Arrest)**

46.

Defendant Sheriff Hill incorporates his responses to the allegations set forth in Paragraphs 1-45 of Plaintiff's Complaint as though fully set forth herein.

47.

Defendant Sheriff Hill admits that he is the duly elected Sheriff of Clayton County, Georgia, and that he assumed office on January 1, 2005. Defendant Sheriff Hill denies the allegations contained in Paragraph 47 of Plaintiff's Complaint, as pled, as calling for legal conclusions. Further responding, Defendant Sheriff Hill denies the remaining allegations, if any, contained in Paragraph 47 of Plaintiff's Complaint.

AT:361856v1

48.

Defendant Sheriff Hill admits that Defendant Borrelli is employed by the Clayton County Sheriff's Office. Further responding, Defendant Sheriff Hill denies the allegations contained in Paragraph 48 of Plaintiff's Complaint, as pled, as calling for legal conclusions. Defendant Sheriff Hill denies the remaining allegations, if any, contained in Paragraph 48 of Plaintiff's Complaint.

49.

Defendant Sheriff Hill denies the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50.

Defendant Sheriff Hill denies the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51.

Defendant Sheriff Hill denies that he violated any law. Further responding, Defendant Sheriff Hill denies the allegations contained in Paragraph 51 of Plaintiff's Complaint, as pled, as calling for legal conclusions. Defendant Sheriff Hill denies the remaining allegations contained in Paragraph 51 of Plaintiff's Complaint.

52**.**

Defendant Sheriff Hill denies the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53.

Defendant Sheriff Hill denies the allegations contained in Paragraph 53 of Plaintiff's Complaint.

## COUNT II

## FOURTH AMENDMENT – 42 U.S.C. §1983

## (Malicious Prosecution)

54.

Defendant Sheriff Hill incorporates his responses to the allegations set forth in Paragraphs 1-53 of Plaintiff's Complaint as though fully set forth herein.

55.

Defendant Sheriff Hill admits that he is the duly elected Sheriff of Clayton County, Georgia, and that he assumed office on January 1, 2005. Defendant Sheriff Hill denies the allegations contained in Paragraph 55 of Plaintiff's Complaint, as pled, as calling for legal conclusions. Further responding,

Defendant Sheriff Hill denies the remaining allegations, if any, contained in Paragraph 55 of Plaintiff's Complaint.

56.

Defendant Sheriff Hill admits that Defendant Borrelli is employed by the Clayton County Sheriff's Office. Defendant Sheriff Hill denies the allegations contained in Paragraph 56 of Plaintiff's Complaint, as pled, as calling for legal conclusions. Further responding, Defendant Sheriff Hill denies the remaining allegations, if any, contained in Paragraph 56 of Plaintiff's Complaint.

57.

Defendant Sheriff Hill admits that on or about January 4, 2005, two warrants were issued for Plaintiff's arrest for making harassing telephone calls. Defendant Sheriff Hill denies the remaining allegations contained in Paragraph 57 of Plaintiff's Complaint.

58.

Upon information and belief, Defendant Sheriff Hill states that the criminal charges against the Plaintiff were ultimately dismissed. Defendant Sheriff Hill is without sufficient knowledge or information sufficient to form a belief as to the

truth or falsity of the remaining allegations, if any, contained in Paragraph 58 of Plaintiff's Complaint and therefore denies the same on that basis.

59.

Defendant Sheriff Hill denies the allegations contained in Paragraph 59 of Plaintiff's Complaint.

60.

Defendant Sheriff Hill denies that he committed any unlawful act. Further responding, Defendant Sheriff Hill denies the remaining allegations contained in Paragraph 60 of Plaintiff's Complaint.

61.

Defendant Sheriff Hill denies the allegations contained in Paragraph 61 of Plaintiff's Complaint, as pled, as calling for legal conclusions. Further responding, Defendant Sheriff Hill denies the remaining allegations, if any, contained in Paragraph 61 of Plaintiff's Complaint.

62.

Defendant Sheriff Hill denies the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63.

Defendant Sheriff Hill denies the allegations contained in Paragraph 63 of Plaintiff's Complaint.

64.

Defendant Sheriff Hill denies the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65.

Defendant Sheriff Hill denies the allegations contained in Paragraph 65 of Plaintiff's Complaint.

## COUNT III

## FIRST AMENDMENT – 42 U.S.C. §1983

## (Retaliatory Prosecution)

66.

Defendant Sheriff Hill incorporates his responses to the allegations set forth in Paragraphs 1-65 of Plaintiff's Complaint as though fully set forth herein.

67.

Defendant Sheriff Hill admits that he is the duly elected Sheriff of Clayton County, Georgia, and that he assumed office on January 1, 2005.  Defendants

Sheriff Hill denies the allegations contained in Paragraph 67 of Plaintiff's Complaint, as pled, as calling for legal conclusions. Further responding, Defendant Sheriff Hill denies the remaining allegations, if any, contained in Paragraph 67 of Plaintiff's Complaint.

68.

Defendant Sheriff Hill admits that Defendant Borrelli is employed by the Clayton County Sheriff's Office. Further responding, Defendant Sheriff Hill denies the allegations contained in Paragraph 68 of Plaintiff's Complaint, as pled, as calling for legal conclusions. Defendant Sheriff Hill denies the remaining allegations, if any, contained in Paragraph 68 of Plaintiff's Complaint.

69.

Defendant Sheriff Hill denies the allegations contained in Paragraph 69 of Plaintiff's Complaint.

70.

Defendant Sheriff Hill denies the allegations contained in Paragraph 70 of Plaintiff's Complaint.

71.

Defendant Sheriff Hill denies that he committed any unlawful acts.  Further responding, Defendant Sheriff Hill denies the remaining allegations contained in Paragraph 71 of Plaintiff's Complaint.

72.

Defendant Sheriff Hill denies the allegations contained in Paragraph 72 of Plaintiff's Complaint, as pled, as calling for legal conclusions.  Further responding, Defendant Sheriff Hill denies the remaining allegations, if any, contained in Paragraph 72 of Plaintiff's Complaint.

73.

Defendant Sheriff Hill denies that he committed any unlawful acts.  Further responding, Defendant Sheriff Hill denies the remaining allegations contained in Paragraph 73 of Plaintiff's Complaint.

74.

Defendant Sheriff Hill denies that he committed any unlawful acts.  Further responding, Defendant Sheriff Hill denies the remaining allegations contained in Paragraph 74 of Plaintiff's Complaint.

75.

Defendant Sheriff Hill denies that he committed any unlawful acts.  Further responding, Defendant Sheriff Hill denies the remaining allegations contained in Paragraph 75 of Plaintiff's Complaint.

76.

Defendant Sheriff Hill denies that he committed any unlawful acts.  Further responding, Defendant Sheriff Hill denies the remaining allegations contained in Paragraph 76 of Plaintiff's Complaint.

77.

Any allegation contained in Plaintiff's Complaint not herein before expressly, admitted, denied, or otherwise responded to is expressly denied.

**<u>AFFIRMATIVE DEFENSES</u>**

1.      Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2.      Plaintiff's claims for damages are barred to the extent he has failed to mitigate his damages, if any.

3.     Plaintiff's punitive damage claim is barred because Defendant Sheriff Hill did not engage in any conduct which would rise to the level required to sustain an award of punitive damages.

4.     Defendant Sheriff Hill avers that no United States or Georgia constitutionally protected rights or federal or state statutory protected rights which were allegedly abridged by the Defendant Sheriff Hill in any act or failure to act on the part of Defendant Sheriff Hill sufficient to give rise to any claim against Defendants in their official capacity under any color of state law.

5.     Defendant Sheriff Hill avers that at all times material to the allegations contained in Plaintiff's Complaint, he was acting in his official capacity and not as an individual and therefore may not be individually liable in any form to the Plaintiff under any theory asserted in Plaintiff's Complaint.

6.     Defendant Sheriff Hill is entitled to a qualified good faith immunity

7.     To the extent Plaintiff seeks retroactive application and remedies, Sheriff Hill avers he is not a "person" under 42 U.S.C. §§ 1983 of 1988 sufficient to give rise a claim against him in his individual capacity.

8.     Defendant Sheriff Hill avers the Eleventh Amendment to the United States Constitution bars any recovery against him to the extent applicable.

9.   Defendant Sheriff Hill is improperly joined as a Defendant with himself in his individual capacity and official capacity.

10.   Any injury which Plaintiff may have suffered, which is denied by Defendant Sheriff Hill, was occasioned by Plaintiff's own conduct.

11.   Defendant Sheriff Hill has not consented to be sued in any form nor has he waived his immunity from suit pursuant to the Eleventh Amendment to the United States Constitution.

12.   Defendant Sheriff Hill, in his individual capacity, is immune from some or all of the claims asserted against him.

13.   Defendant Sheriff Hill avers the doctrine of official immunity to the extent applicable.

14.   Defendant avers the doctrine of unclean hands to the extent applicable.

15.   Defendant Sheriff Hill avers Plaintiff has adequate remedies at law and thus is not entitled to any award of injunctive relief.

16.   Defendant Sheriff Hill's acts were legally justified and were neither arbitrary, nor capricious, nor unlawful.

17.   Defendant Sheriff Hill did not act with malice toward Plaintiff.

18. Defendant Sheriff Hill did not lack probable cause in taking any action, if any, toward Plaintiff.

19. Plaintiff is not able to prove the necessary elements of a malicious prosecution cause of action.

20. Plaintiff is not able to prove the necessary elements of a false arrest cause of action.

21. Plaintiff is not able to prove the necessary elements of first amendment retaliatory prosecution.

22. Defendant Sheriff Hill avers no constitutional or federally protected right of Plaintiff's was violated which would have given rise to any claim under 42 U.S.C. §§ 1983 and/or 1988.

Dated this 20th day of March, 2006.

Respectfully submitted,

/s/ JOHN C. STIVARIUS, JR.
John C. Stivarius, Jr.
Georgia Bar No. 682599
William P. Jones
Georgia Bar No. 398228
*Attorneys for Defendant Victor Hill*

EPSTEIN BECKER & GREEN, P.C.
945 East Paces Ferry Road, Suite 2700
Atlanta, Georgia 30326
Tel.: (404) 923-9000; Fax: (404) 923-9099

AT:361856v1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GEORGE MARK TUGGLE, )
)
    Plaintiff, )
)
v. )    Civil Action
)    File No.: 1:06-CV-0272-ODE
CLAYTON COUNTY SHERIFF )
VICTOR HILL, in both his )
official and individual capacities and )
DEPUTY SHERIFF JOANN )
BORRELLI, )
)
    Defendants. )
_____ )

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of March, 2006, I electronically filed a

true and correct copy of *Defendant Clayton County Sheriff Victor Hill's in both his*

*Official and Individual Capacities, Answer to Plaintiff's Complaint* with the Clerk

of the Court using the CM/ECF system which will automatically send e-mail

notifications of such filing to the following attorneys of record:

    A. Lee Parks, Jr., Esq.
    William J. Atkins, Esq.
    Eleanor M. Attwood, Esq.
    PARKS, CHESIN & WALBERT, P.C.
    75 Fourteenth Street, 26th Floor
    Atlanta, Georgia  30309
    Telephone: (404) 873-8000
    Facsimile : (404) 873-8050

Email: lparks@pcwlawfirm.com
Email: eattwood@pcwlawfirm.com
Email: batkins@pcwlawfirm.com

This 20th day of March, 2006.

/s / JOHN C. STIVARIUS, JR.
John C. Stivarius, Jr.
Ga. Bar No.: 682599
William P. Jones
Ga. Bar No.: 398228
*Attorneys for Defendant Victor Hill*

EPSTEIN BECKER & GREEN, P.C.
945 East Paces Ferry Road
Suite 2700
Atlanta, Georgia 30326
Telephone: 404-923-9000
Facsimile: 404-923-9099

AT:361856v1