IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GEORGE MARK TUGGLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action |
| | ) | File No.: 1:06-CV-0272-ODE |
| CLAYTON COUNTY SHERIFF | ) | |
| VICTOR HILL, in both his | ) | |
| official and individual capacities and | ) | |
| DEPUTY SHERIFF JOANNE | ) | |
| BORRELLI, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANT DEPUTY SHERIFF JOANNE BORRELLI'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Deputy Sheriff Borrelli (hereinafter "Borrelli", now known as Sutherland) by her undersigned counsel hereby submits her Answer in the above-styled action and specifically states as follows:

## INTRODUCTION

### 1.

Defendant Borrelli admits that Plaintiff has filed a Complaint asserting certain claims against her. The allegations contained in Plaintiff's Complaint

speak for themselves. Defendant Borrelli denies the remaining allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.

Defendant Borrelli admits the allegations contained in Paragraph 2 of Plaintiff's Complaint if the claims are valid, which Defendant Borrelli denies. Defendant Borrelli denies any violation of any federal civil right statute has occurred by this Defendant.

3.

Defendant Borrelli admits that venue is proper in the Northern District of Georgia. Defendant Borrelli is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 3 of Plaintiff's Complaint and therefore denies the same on that basis.

## PARTIES

4.

Defendant Borrelli is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 of Plaintiff's Complaint and therefore denies the same on that basis.

AT:369998v1

5.

Upon information and belief, Defendant Borrelli states that Defendant Sheriff Hill is a citizen of the State of Georgia, and is subject to the personal jurisdiction of this Court. Further, Defendant Borrelli states, upon information and belief, that Defendant Sheriff Hill may be served at the Clayton County Sheriff's Office. Responding further, Defendant Borrelli states that Plaintiff's Complaint, and the allegations contained therein, speak for themselves. Defendant Borrelli denies the remaining allegations, if any, contained in Plaintiff's Complaint.

6.

Defendant Borrelli admits that Defendant Sheriff Hill is the duly elected Sheriff of Clayton County, Georgia, and that he assumed office on January 1, 2005. Upon information and belief, Defendant Borrelli states that Defendant Sheriff Hill took the oath of office for the Sheriff of Clayton County, Georgia, which the content of such oath speaks for itself. Defendant Borrelli denies the remaining allegations, if any, contained in Paragraph 6 of Plaintiff's Complaint.

7.

Defendant Borrelli denies the allegations contained in Paragraph 7 of Plaintiff's Complaint, as pled, as calling for legal conclusions. Further responding,

Defendant Borrelli denies the remaining allegations, if any, contained in Paragraph 7 of Plaintiff's Complaint.

8.

Defendant Borrelli admits that Plaintiff has asserted certain claims against Defendant Sheriff Hill in both his official and individual capacities. Defendant Borrelli denies the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint, as pled, as calling for legal conclusions.

9.

Defendant Borrelli denies the allegations contained in Paragraph 9 of Plaintiff's Complaint, as pled, as calling for legal conclusions. Further responding, Defendant Borrelli denies the remaining allegations, if any, contained in Paragraph 9 of Plaintiff's Complaint.

10.

Defendant Borrelli denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

Defendant Borrelli admits the allegations contained in Paragraph 11 of Plaintiff's Complaint.

## 12.

Defendant Borrelli admits that she is employed by the Sheriff's Office and took an oath of office on or about January 3, 2005, which the content of such oath speaks for itself. Defendant Borrelli denies the remaining allegations, if any, contained in Paragraph 12 of Plaintiff's Complaint.

## 13.

Defendant Borrelli admits that she was involved in the securing of the warrants from the magistrate judge. Defendant Borrelli denies the allegations contained in Paragraph 13 of Plaintiff's Complaint, as pled, as calling for legal conclusions. Further responding, Defendant Borrelli denies the remaining allegations, if any, contained in Paragraph 13 of Plaintiff's Complaint.

## **FACTUAL ALLEGATIONS**

## 14.

Upon information and belief, Defendant Borrelli states that Plaintiff's brother is Stanley Tuggle. Further responding, Defendant Borrelli admits the remaining allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

Defendant Borrelli admits the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.

Defendant Borrelli admits that that on January 3, 2005, certain Clayton County Sheriff's Deputies were sworn in at a ceremony held at the Clayton County Sheriff's Office. Further, upon information and belief, Defendant Borrelli avers that certain former Clayton County Sheriffs' Deputies were not re-sworn. Defendant Borrelli denies the remaining allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.

Defendant Borrelli avers that certain former Sheriff's Office Deputies, after they were not re-sworn by Sheriff Hill, filed several lawsuits. Further, Defendant Borrelli admits that certain former Sheriff's Office Deputies were reinstated to their former positions by court order. Defendant Borrelli denies the remaining allegations contained in Paragraph 17 of Plaintiffs' Complaint.

18.

Upon information and belief, Defendant Borrelli states that Plaintiff is the

brother of the former Clayton County Sheriff, Stanley Tuggle. Further responding, Defendant Borrelli is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 18 of Plaintiff's Complaint and therefore denies the same on that basis.

19.

Upon information and belief, Defendant Borrelli states that Plaintiff made several telephone calls to the Sheriff's Office and left several voice messages. Upon information and belief, Defendant Borrelli states that Plaintiff referred to Defendant Sheriff Hill as "that short little bastard sheriff." Defendant Borrelli is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 19 of Plaintiff's Complaint and therefore denies the same on that basis.

20.

Upon information and belief, Defendant Borrelli states that Plaintiff spoke with Jon Antoine and identified himself. Upon information and belief, Defendant Borrelli states that Plaintiff told Jon Antoine that "firing these people who had families was low; anyone who would do that is scum." Responding further, Defendant Borrelli is without knowledge or information sufficient to form a belief

as to the truth or falsity of the remaining allegations contained in Paragraph 20 of Plaintiff's Complaint and therefore denies the same on that basis.

21.

Upon information and belief, Defendant Borrelli states that Defendant Sheriff Hill requested that the voice messages be saved. Further responding, Defendant Borrelli, upon and information and belief, states that Jon Antoine investigated Plaintiff's harassing voice messages, and subsequently prepared a statement. Defendant Borrelli denies the remaining allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.

Defendant Borrelli denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.

Defendant Borrelli denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.

Defendant Borrelli denies that she committed any unlawful act. Defendant Borrelli denies the remaining allegations contained in Paragraph 24 of Plaintiff's

Complaint.

25.

Defendant Borrelli denies that she committed any unlawful acts. Defendant Borrelli denies the remaining allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.

Defendant Borrelli states that a Clayton County Magistrate Judge, after reviewing certain evidence, found probable cause to issue two warrants for Plaintiff's arrest. Defendant Borrelli denies the remaining allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.

Defendant Borrelli states that a Clayton County Magistrate Judge, after reviewing certain evidence, found probable cause to issue two warrants for Plaintiff's arrest. Defendant Borrelli is without sufficient knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 27 of Plaintiff's Complaint and therefore denies the same on that basis.

28.

Defendant Borrelli is without sufficient knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 28 of Plaintiff's Complaint and therefore denies the same on that basis.

29.

Defendant Borrelli, upon information and belief, states that Plaintiff presented himself at the jail prior to 7:00 p.m. Further responding, Defendant Borrelli is without sufficient knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 29 of Plaintiff's Complaint and therefore denies the same on that basis.

30.

Defendant Borrelli is without sufficient knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 30 of Plaintiff's Complaint and therefore denies the same on that basis.

31.

Defendant Borrelli denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.

Defendant Borrelli denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

## 33.

Defendant Borrelli states that it is standard practice for medical personnel to check an arrestee's blood pressure during the intake process. Defendant Borrelli is without sufficient knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 33 of Plaintiff's Complaint and therefore denies the same on that basis.

## 34.

Defendant Borrelli is without sufficient knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 34 of Plaintiff's Complaint and therefore denies the same on that basis.

35.

Defendant Borrelli denies that orange jumpsuits denote that the person in custody committed a "violent felony." Further responding, Borrelli is without sufficient knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 35 of Plaintiff's Complaint and therefore denies the same on that basis.

36.

Defendant Borrelli admits that Plaintiff was fingerprinted and photographed, but Defendant Borrelli is without sufficient knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 36 of Plaintiff's Complaint and therefore denies the same on that basis.

37.

Defendant Borrelli is without sufficient knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 37 of Plaintiff's Complaint and therefore denies the same on that basis.

38.

Defendant Borrelli is without sufficient knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 38 of Plaintiff's Complaint and therefore denies the same on that basis.

39.

Defendant Borrelli is without sufficient knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 39 of Plaintiff's Complaint and therefore denies the same on that basis.

40.

Defendant Borrelli admits the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.

Defendant Borrelli is without sufficient knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 41 of Plaintiff's Complaint and therefore denies the same on that basis.

42.

Upon information and belief, Defendant Borrelli states that the criminal charges against the Plaintiff were ultimately dismissed. Defendant Borrelli is

without sufficient knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 42 of Plaintiff's Complaint and therefore denies the same on that basis.

43.

Defendant Borrelli is without sufficient knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 43 of Plaintiff's Complaint and therefore denies the same on that basis.

44.

Defendant Borrelli denies the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45.

Defendant Borrelli denies the allegations contained in Paragraph 45 of Plaintiff's Complaint.

**COUNT I**
**FOURTH AMENDMENT – 42 U.S.C. §1983**
**(False Arrest)**

46.

Defendant Borrelli incorporates her responses to the allegations set forth in Paragraphs 1-45 of Plaintiff's Complaint as though fully set forth herein.

47.

Defendant Borrelli admits that Defendant Sheriff Hill is the duly elected Sheriff of Clayton County, Georgia, and that he assumed office on January 1, 2005. Defendant Borrelli denies the allegations contained in Paragraph 47 of Plaintiff's Complaint, as pled, as calling for legal conclusions. Further responding, Defendant Borrelli denies the remaining allegations, if any, contained in Paragraph 47 of Plaintiff's Complaint.

48.

Defendant Borrelli admits that she is employed by the Clayton County Sheriff's Office. Further responding, Defendant Borrelli denies the allegations contained in Paragraph 48 of Plaintiff's Complaint, as pled, as calling for legal conclusions. Defendant Borrelli denies the remaining allegations, if any, contained in Paragraph 48 of Plaintiff's Complaint.

49.

Defendant Borrelli denies the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50.

Defendant Borrelli denies the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51.

Defendant Borrelli denies that she violated any law. Further responding, Defendant Borrelli denies the allegations contained in Paragraph 51 of Plaintiff's Complaint, as pled, as calling for legal conclusions. Defendant Borrelli denies the remaining allegations contained in Paragraph 51 of Plaintiff's Complaint.

52.

Defendant Borrelli denies the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53.

Defendant Borrelli denies the allegations contained in Paragraph 53 of Plaintiff's Complaint.

## COUNT II
## FOURTH AMENDMENT – 42 U.S.C. §1983
### (Malicious Prosecution)

54.

Defendant Borrelli incorporates her responses to the allegations set forth in Paragraphs 1-53 of Plaintiff's Complaint as though fully set forth herein.

55.

Defendant Borrelli admits that Defendant Sheriff Hill is the duly elected Sheriff of Clayton County, Georgia, and that he assumed office on January 1, 2005. Defendant Borrelli denies the allegations contained in Paragraph 55 of Plaintiff's Complaint, as pled, as calling for legal conclusions. Further responding, Defendant Borrelli denies the remaining allegations, if any, contained in Paragraph 55 of Plaintiff's Complaint.

56.

Defendant Borrelli admits that she is employed by the Clayton County Sheriff's Office. Defendant Borrelli denies the allegations contained in Paragraph 56 of Plaintiff's Complaint, as pled, as calling for legal conclusions. Further responding, Defendant Borrelli denies the remaining allegations, if any, contained in Paragraph 56 of Plaintiff's Complaint.

57.

Defendant Borrelli admits that on or about January 4, 2005, two warrants were issued for Plaintiff's arrest for making harassing telephone calls. Defendant Borrelli denies the remaining allegations contained in Paragraph 57 of Plaintiff's Complaint.

58.

Upon information and belief, Defendant Borrelli states that the criminal charges against the Plaintiff were ultimately dismissed. Defendant Borrelli is without sufficient knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, if any, contained in Paragraph 58 of Plaintiff's Complaint and therefore denies the same on that basis.

59.

Defendant Borrelli denies the allegations contained in Paragraph 59 of Plaintiff's Complaint.

60.

Defendant Borrelli denies that he committed any unlawful act. Further responding, Defendant Borrelli denies the remaining allegations contained in Paragraph 60 of Plaintiff's Complaint.

61.

Defendant Borrelli denies the allegations contained in Paragraph 61 of Plaintiff's Complaint, as pled, as calling for legal conclusions. Further responding, Defendant Borrelli denies the remaining allegations, if any, contained in Paragraph 61 of Plaintiff's Complaint.

62.

Defendant Borrelli denies the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63.

Defendant Borrelli denies the allegations contained in Paragraph 63 of Plaintiff's Complaint.

64.

Defendant Borrelli denies the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65.

Defendant Borrelli denies the allegations contained in Paragraph 65 of Plaintiff's Complaint.

## COUNT III
## FIRST AMENDMENT – 42 U.S.C. §1983
## (Retaliatory Prosecution)

66.

Defendant Borrelli incorporates her responses to the allegations set forth in Paragraphs 1-65 of Plaintiff's Complaint as though fully set forth herein.

67.

Defendant Borrelli admits that Defendant Sheriff Hill is the duly elected Sheriff of Clayton County, Georgia, and that he assumed office on January 1, 2005. Defendants Borrelli denies the allegations contained in Paragraph 67 of Plaintiff's Complaint, as pled, as calling for legal conclusions. Further responding, Defendant Borrelli denies the remaining allegations, if any, contained in Paragraph 67 of Plaintiff's Complaint.

68.

Defendant Borrelli admits that she is employed by the Sheriff's Office. Further responding, Defendant Borrelli denies the allegations contained in Paragraph 68 of Plaintiff's Complaint, as pled, as calling for legal conclusions. Defendant Borrelli denies the remaining allegations, if any, contained in Paragraph 68 of Plaintiff's Complaint.

69.

Defendant Borrelli denies the allegations contained in Paragraph 69 of Plaintiff's Complaint.

70.

Defendant Borrelli denies the allegations contained in Paragraph 70 of Plaintiff's Complaint.

71.

Defendant Borrelli denies that she committed any unlawful acts. Further responding, Defendant Borrelli denies the remaining allegations contained in Paragraph 71 of Plaintiff's Complaint.

72.

Defendant Borrelli denies the allegations contained in Paragraph 72 of Plaintiff's Complaint, as pled, as calling for legal conclusions. Further responding, Defendant Borrelli denies the remaining allegations, if any, contained in Paragraph 72 of Plaintiff's Complaint.

73.

Defendant Borrelli denies that she committed any unlawful acts. Further responding, Defendant Borrelli denies the remaining allegations contained in

Paragraph 73 of Plaintiff's Complaint.

74.

Defendant Borrelli denies that she committed any unlawful acts. Further responding, Defendant Borrelli denies the remaining allegations contained in Paragraph 74 of Plaintiff's Complaint.

75.

Defendant Borrelli denies that she committed any unlawful acts. Further responding, Defendant Borrelli denies the remaining allegations contained in Paragraph 75 of Plaintiff's Complaint.

76.

Defendant Borrelli denies that she committed any unlawful acts. Further responding, Defendant Borrelli denies the remaining allegations contained in Paragraph 76 of Plaintiff's Complaint.

77.

Any allegation contained in Plaintiff's Complaint not herein before expressly, admitted, denied, or otherwise responded to is expressly denied.

# AFFIRMATIVE DEFENSES

1.     Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2.     Plaintiff's claims for damages are barred to the extent he has failed to mitigate his damages, if any.

3.     Plaintiff's punitive damage claim is barred because Defendant Borrelli did not engage in any conduct which would rise to the level required to sustain an award of punitive damages, and because she was sued in her official capacity is immune from liability for federal law purposes.

4.     Defendant Borrelli avers that no United States or Georgia constitutionally protected rights or federal or state statutory protected rights which were allegedly abridged by the Defendants in any act or failure to act on the part of Defendants sufficient to give rise to any claim against Defendants in their official capacity under any color of state law.

5.     Defendant Borrelli avers that at all times material to the allegations contained in Plaintiff's Complaint, she was acting in her official capacity and not as an individual and therefore may not be individually liable in any form to the Plaintiff under any theory asserted in Plaintiff's Complaint.

6.      Defendant Borrelli is entitled to a qualified good faith immunity and/or discretionary immunity.

7.      To the extent Plaintiff seeks retroactive application and remedies, Borrelli avers she is not a "person" under 42 U.S.C. §§ 1983 of 1988 sufficient to give rise a claim against her in her individual capacity.

8.      Defendant Borrelli avers the Eleventh Amendment to the United States Constitution bars any recovery to the extent applicable.

9.      Defendant Sheriff Hill is improperly joined as a Defendant with himself in his individual capacity and official capacity.

10.     Any injury which Plaintiff may have suffered, which is denied by Defendant Borrelli, was occasioned by Plaintiff's own conduct.

11.     Defendant Borrelli has not consented to be sued in any form nor has she waived her immunity from suit pursuant to the Eleventh Amendment to the United States Constitution.

12.     Defendant Borrelli, in her individual capacity, is immune from some or all of the claims asserted against her.

13.     Defendant Borrelli avers the doctrine of official immunity to the extent applicable.

14.    Defendant Borrelli avers the doctrine of unclean hands to the extent applicable.

15.    Defendant Borrelli avers Plaintiff has adequate remedies at law and thus is not entitled to any award of injunctive relief.

16.    Defendant Borrelli's acts were legally justified and were neither arbitrary, nor capricious, nor unlawful.

17.    Defendant Borrelli did not act with malice toward Plaintiff.

18.    Defendant Borrelli did not lack probable cause in taking any action, if any, toward Plaintiff.

19.    Plaintiff is not able to prove the necessary elements of a malicious prosecution cause of action.

20.    Plaintiff is not able to prove the necessary elements of a false arrest cause of action.

21.    Plaintiff is not able to prove the necessary elements of first amendment retaliatory prosecution.

22.    Defendant Borrelli avers no constitutional or federally protected right of Plaintiff's was violated which would have given rise to any claim under 42 U.S.C. §§ 1983 and/or 1988.

AT:369998v1

23.     The Defendants sued in their official capacity or otherwise are not liable for the individual acts of any of the individual defendants.

24.     The acts allegedly attributable to Defendant Borrelli, if true, were of a discretionary nature, and as such Defendant Borrelli is not liable to Plaintiff due to qualified immunity.

25.     Defendant Borrelli reserves the right to assert any additional affirmative defenses allowed by Rule 8 depending upon any evidence discovered in pursuit of this litigation.

Dated this 13th day of April, 2006.

Respectfully submitted,

/s/  JOHN C. STIVARIUS, JR.
John C. Stivarius, Jr.
Georgia Bar No. 682599
William P. Jones
Georgia Bar No. 398228
*Attorneys for Defendant Deputy Sheriff Borrelli*

EPSTEIN BECKER & GREEN, P.C.
945 East Paces Ferry Road, Suite 2700
Atlanta, Georgia 30326
Tel.: (404) 923-9000; Fax: (404) 923-9099

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GEORGE MARK TUGGLE,     )
                                   )
      Plaintiff,         )
                                   )
v.                           )     Civil Action
                                 )     File No.: 1:06-CV-0272-ODE
CLAYTON COUNTY SHERIFF   )
VICTOR HILL, in both his    )
official and individual capacities and )
DEPUTY SHERIFF JOANN   )
BORRELLI,                )
                                 )
      Defendants.     )
_____ )

## **CERTIFICATE OF SERVICE**

This is to certify that I have this 13th day of April, 2006, I electronically filed

a true and correct copy of *Defendant Deputy Sheriff Joanne Borrelli's Answer to*

*Plaintiff's Complaint* with the Clerk of the Court using the CM/ECF system which

will automatically send e-mail notifications of such filing to the following

attorneys of record:

                A. Lee Parks, Jr., Esq.
                William J. Atkins, Esq.
                Eleanor M. Attwood, Esq.
                PARKS, CHESIN & WALBERT, P.C.
                75 Fourteenth Street, 26th Floor
                Atlanta, Georgia 30309
                Telephone: (404) 873-8000
                Facsimile : (404) 873-8050
                Email: lparks@pcwlawfirm.com

Email: eattwood@pcwlawfirm.com
Email: batkins@pcwlawfirm.com

Submitted this 13th day of April, 2006.

/s / JOHN C. STIVARIUS, JR.

John C. Stivarius, Jr.
Ga. Bar No.: 682599
William P. Jones
Ga. Bar No.: 398228
*Attorneys for Defendant*
*Deputy Sheriff Borrelli*

EPSTEIN BECKER & GREEN, P.C.
945 East Paces Ferry Road
Suite 2700
Atlanta, Georgia 30326
Telephone: 404-923-9000
Facsimile: 404-923-9099