## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| GEORGE MARK TUGGLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO.: <u>1:06-CV-0272-ODE</u> |
| CLAYTON COUNTY SHERIFF | ) | |
| VICTOR HILL, in both his official | ) | |
| and individual capacities; and | ) | |
| DEPUTY SHERIFF JOANNE | ) | |
| BORRELLI, | ) | |
| | ) | |
| Defendants. | ) | |

_____

## <u>CONSOLIDATED  PRETRIAL ORDER</u>

### 1.

**There are the following motions or other matters pending for consideration by the Court:**

There are presently no motions pending before the Court.  The parties have agreed to supplement their written discovery responses by September 5, 2008.  In the unlikely event that the parties are unable to resolve any issues related to these supplemental responses, the parties request that they be permitted to raise any remaining issues with the Court no later than September 11, 2008.

The parties request permission to file any motions *in limine* no later than 5:00 p.m. on September 8, 2008.  Responses thereto shall be due no later than 5:00 p.m. on  September 15, 2008.

2.

**All discovery has been completed, unless otherwise noted. The Court will not consider any further motions to compel discovery. (Refer to LR 37.1.B, NDGa).  Provided there is no resulting delay in readiness for trial, the parties shall, however, be permitted to take the depositions of any persons for the preservation of evidence and for use at trial.**

The parties have agreed to supplement their written discovery responses prior to trial.  Plaintiff has asked the Defendants' to supplement their responses, as follows:

a.     Defendant Victor Hill supplement his responses to Plaintiff's First Request For Production of Documents, as follows:  (i)  Pursuant to RPD No. 2, any documents placed in the personnel files of Defendant Deputy Sheriff Joan Borelli subsequent to Defendants' last production of documents in this matter; (ii) any additional documents responsive to RPD No. 3; (iii) Pursuant to RPD No. 9, produce the personnel files of Jon Antoine, Phillip Hanner and Partricia Ruth as these were inadvertently omitted from Hill's initial

discovery responses; (iv) Pursuant to RPD No. 13, Hill will produce any such policy as none has been produced to date; (v)  Pursuant to RPD No. 15, Hill will produce all documents responsive to this request from 2005 to the present; (vi) Pursuant to RPD No. 16, Hill will produce all documents responsive to this request from 2005 to the present; (vii) Pursuant to RPD No. 17, Hill will produce all documents responsive to this request from 2005 to the present; and (viii) Pursuant to RPD No. 18, Hill will produce all documents responsive to this request from 2005 to the present.

b.   Defendant Joann Borelli supplement her responses to Plaintiff's interrogatories and request to produce, as follows:  (i) any additional information responsive to Plaintiff's interrogatories No. 1, 3, 4, 5, 6, 13, 14, 16, and 17;

c.   Defendant Joan Borelli submit a verification to her interrogatory responses and Victor Hill will submit a verification to his responses to Plaintiff's Requests for Admissions pursuant to Fed. R. Civ. Pro. 33(b)(3) and Fed. R. Civ. Pro. 36(4) no later than August 22, 2008.

The Plaintiff likewise agreed to review and supplement his responses to discovery. The parties reserve the right to take depositions for use at trial.

3.

**Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non—joinder of any parties.**

There is no issue as to misjoinder or non-joinder of any parties.

4.

**Unless otherwise noted, there is no question as to the jurisdiction of the Court. Jurisdiction is based upon the following code section:**

There is no question as to the jurisdiction of the court; jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343 for all of Plaintiff's claims against the Defendants.

5.

**The following individually-named attorneys are hereby designated as lead counsel for the parties:**

Plaintiff:     William J. Atkins
               ATKINS & ATTWOOD, LLC
               6400 Powers Ferry Road, Suite 112
               Atlanta, Georgia 30339
               (404) 969-4130

Defendant:   James E. Dearing, Jr.
             James E. Dearing, Jr., P.C.
             730 Peachtree Street, Suite 560
             Atlanta, Georgia  30308
             (404) 870-0010

6.

**Normally, the Plaintiff is entitled to open and close arguments to the jury. (Refer to LR 39.3B(2) (b), NDGa.) State below the reasons, if any, why the Plaintiff should not be permitted to open arguments to the jury.**

Plaintiff will open and close argument to the jury.

7.

**The captioned case shall be tried ( X) to a jury or _____ to the Court without a jury, or ( _____ ) the right to a trial by jury is disputed.**

8.

**State whether the parties request that the trial to a jury be bifurcated, i.e. that the same jury consider separately issues such as liability and damages. State briefly the reasons why trial should or should not be bifurcated.**

<u>Plaintiff's Response:</u>

The trial should not be bifurcated.  Further, the jury should consider issues of liability, special and compensatory damages during its initial deliberations.  In the event that the jury returns a verdict in favor of the Plaintiff

against Defendant Joann Borelli and Defendant Victor Hill, *in his individual capacity*, Plaintiff requests that, following a brief presentation (and charge) related solely to punitive damages, the jury should deliberate separately as to whether to award punitive damages against one or both of the defendants. Plaintiff objects to Defendants' request that the defendants be tried separately.

<u>Defendant's Response:</u>

The trial should be bifurcated.   In the interest of justice and fairness, Plaintiff's allegations should be set forth separately against Defendants.   Trying Defendants together, in light of their separate functions, will result in prejudice to both Defendants as well as confusion to the jury.

9.

**Attached hereto as Attachment "A" and made a part of this order by reference are the questions which the parties request that the Court propound to the jurors concerning their legal qualifications to serve.**

*The parties have conferred and agree that jury selection may prove particularly challenging in this matter.  Accordingly, the parties have attached hereto as Attachment "A-2" a Joint Confidential Jury Questionnaire for the Court's consideration.   The parties respectfully request that the Court send the Questionnaire to prospective jurors in advance of trial.  The parties believe that use of a Confidential Jury Questionnaire will serve the interests of judicial economy and fairness to the parties in the following*

*ways:  (1) ensuring that the parties have detailed information necessary to properly employ peremptory strikes, as well as requests to strike for cause; (2) reducing the amount of "in court" time devoted to jury selection; (3) protecting privacy of jurors; and (4) increasing the likelihood that jurors will respond candidly and completely to areas of inquiry of vital importance to both parties in a police misconduct matter.*

10.

**Attached hereto as Attachment "B-1" are the general questions which Plaintiffs wish to be propounded to the jurors on voir dire examination.**

**Attached hereto as Attachment "B-2" are the general questions which Defendant wishes to be propounded to the jurors on voir dire examination.**

**The Court shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any. Counsel may be permitted to ask follow-up questions on these matters. It shall not, therefore, be necessary for counsel to submit questions regarding these matters. The determination of whether the district judge or counsel will propound general voir dire questions is a matter of courtroom policy which shall be established by each Judge.**

11.

**State any objections to the parties' respective voir dire questions.**

1.   <u>Plaintiff's Objections</u>:

<u>Question 7</u>:  Plaintiff objects to this voir dire question as argumentative as it seeks to have the jury pre-judge the case by injecting elements of the Defendants' theory of the case into jury selection.

<u>Question 8</u>:  Plaintiff objects to this voir dire question as inflammatory and prejudicial as it injects race into jury selection in a matter that has nothing at all to do with the race of either the defendants or the plaintiff.

<u>Question 9 & 10</u>:  Plaintiff objects to these voir dire questions as argumentative as they seek to have the jury pre-judge the case by injecting elements of the Defendants' theory of the case into jury selection.

<u>Question 11 & 12</u>:   Plaintiff objects to these voir dire questions as prejudicial as they suggest to jurors that the Plaintiff did not have a valid basis for filing a lawsuit against the Defendants and should not be entitled to damages.

<u>Question 13 & 14</u>:  Plaintiff objects to these voir dire questions as they seek to question jurors as to the Defendants theory of the case, particularly  as it relates to a well-established rule of law concerning the significance of a magistrate's probable cause determination in these cases.

2.    <u>Defendant's Objections</u>:

Plaintiff's questions are irrelevant, state legal conclusions, misstates the law and are confusing.

12.

**All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members, unless the parties stipulate otherwise. The parties must state in the space provided below the basis for any requests for additional strikes. Unless otherwise directed herein, each side as a group will be allowed the number of peremptory challenges as provided by 28 U.S.C. § 1870. See Fed.R.Civ.P. 47(b).**

The parties do not request additional strikes.

Defendants seek to have this case tried by a jury of twelve (12) persons. The Plaintiff objects to a jury of twelve (12) persons, and submits that a jury of six (6) with two (2) alternates is adequate and consistent with the Federal Rules.

13.

**State whether there is any pending related litigation. Described briefly, including style and civil action number:**

There are no pending related cases.

14.

Attached hereto as Attachment "C" is Plaintiff's outline of the case which includes a succinct factual summary of plaintiff's cause of action and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by plaintiff shall be listed under a separate heading. In negligence cases, each and every act of negligence relied upon shall be separately listed. For each item of damage claimed, plaintiff shall separately provide the following information: (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

15.

Attached hereto is Attachment "D" is the Defendant's outline of the case which includes a succinct factual summary of plaintiff's cause of action and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by plaintiff shall be listed under a separate heading. In negligence cases, each and every act of negligence relied upon shall be

separately listed. For each item of damage claimed, plaintiff shall separately provide the following information: (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

16.

Attached hereto as Attachment "E" are the facts stipulated by the parties. No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case. It is the duty of counsel to cooperate fully with each other to identify all undisputed facts. A refusal to do so may result in the imposition of sanctions upon the non—cooperating counsel.

17.

**Plaintiff contends the legal issues to be tried are as follows:**

1. Whether Joann Borelli, in her individual capacity, is liable for false arrest in violation of 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution for arresting and incarcerating Tuggle on January 5, 2005 and, if so, what are Tuggle's damages?

2.  Whether Victor Hill, in his individual capacity, is liable for false arrest in violation of 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution for arresting and incarcerating Tuggle on January 5, 2005 and, if so, what are Tuggle's damages?

3.  Whether Victor Hill, in his official capacity, is liable for false arrest in violation of 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution for arresting and incarcerating Tuggle on January 5, 2005 and, if so, what are Tuggle's damages?

4.  Whether Victor Hill, in his individual capacity, is liable for malicious prosecution in violation of 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution for instituting and maintaining the criminal prosecution of Tuggle and, if so, what are Tuggle's damages?

5.  Whether Victor Hill, in his official capacity, is liable for malicious prosecution in violation of 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution for instituting and maintaining the criminal prosecution of Tuggle and, if so, what are Tuggle's damages?

6.  Whether Joann Borelli, in her individual capacity, is liable for retaliatory prosecution in violation of 42 U.S.C. § 1983 and the First Amendment to the United States Constitution for arresting and incarcerating Tuggle on January 5, 2007 and, if so, what are Tuggle's damages?

7.  Whether Victor Hill, in his individual capacity, is liable for retaliatory prosecution in violation of 42 U.S.C. § 1983 and the First Amendment to

the United States Constitution for arresting and incarcerating Tuggle on January 5, 2007 and, if so, what are Tuggle's damages?

8. Whether Victor Hill, in his official capacity, is liable for retaliatory prosecution in violation of 42 U.S.C. § 1983 and the First Amendment to the United States Constitution for arresting and incarcerating Tuggle on January 5, 2007 and, if so, what are Tuggle's damages?

9. In light of the Eleventh Circuit's *per curiam* decision summarily affirming the Court's decision denying summary judgment to the defendants on qualified immunity grounds, whether the defendants, in their individual capacities, may claim qualified immunity as to the Plaintiff's federal civil rights claims provided that the facts adduced at trial, viewed in Tuggle's favor for purposes of qualified immunity, are sufficient to establish a violation of his constitutional rights under applicable federal law?   The Plaintiff contends that the Eleventh Circuit's decision will stand as the law of the case as to whether applicable law was "clearly established" unless "new and substantially different evidence is produced at trial." See generally,  *Oladeinde v. City of Birmingham, 230 F.3d 1275, 1288 (11th Cir. 2000).*

10. In the event that the jury returns a verdict in favor of Tuggle against either one or both of the defendants, in their individual capacities, whether Tuggle is entitled to an award of punitive damages and, if so, in what amount?

**<u>Defendants contend the legal issues to be tried are as follows</u>**:

1. Whether Victor Hill, in his official capacity, is liable to Plaintiff for violation of Plaintiff's civil rights under 42 USC §§ 1981 and 1983, for false arrest and malicious prosecution?

2. Whether Victor Hill, in his individual capacity, is liable to Plaintiff for violation of Plaintiff's civil rights under 42 USC §§ 1981 and 1983, for false arrest and malicious prosecution?

3. Whether Joann Borrelli, in her individual capacity, is liable to Plaintiff for violation of Plaintiff's civil rights under 42 USC §§ 1981 and 1983, for false arrest and malicious prosecution?

18.

**Attached hereto as Attachment "F—1" for the Plaintiffs and Attachment "F—2" for the Defendant is a list of all the witnesses and their addresses for each party. The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial. Expert (any witness who might express an opinion under Federal Rule of Evidence 702), impeachment and rebuttal witnesses whose use can be reasonably anticipated must be included. Each party shall also attach to the list a reasonably specific summary of the expected testimony of each expert witness.**

All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given ten (10) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the witness' testimony by other means. Witnesses who are not included on the witness list (including expert, impeachment and rebuttal witnesses whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified.

19.

Attached hereto as Attachment "G−1" for the Plaintiffs and "G−2" for the Defendant are the typed lists of all documentary and physical evidence that will be tendered at trial. Learned treatises which are expected to be used at trial shall not be admitted as exhibits. Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list.

Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts. Adequate space must be left on the left margin of each party's exhibit list for Court stamping purposes. A courtesy copy of each party's exhibit list must be submitted for use by the judge.

Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to Plaintiff's exhibits, numbered blue stickers to Defendant's exhibits, and numbered white stickers to joint exhibits. When there are multiple Plaintiffs or Defendants, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits.

Specific objection to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections are raised. Objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits shall be included. Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity.

Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial. Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the Court. Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial.

**Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial. Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.**

The parties reserve the right to supplement their exhibit lists in light of the outstanding discovery matters addressed herein provided, however, that supplemental exhibit lists shall be exchanged no later than September 8, 2008, and submitted to the Court along with any objections thereto no later than September 12, 2008.

20.

**The following designated portions of the testimony of the persons listed below may be introduced by deposition:**

The parties generally do not anticipate introducing any testimony by deposition except for purposes of cross-examination, impeachment or in the event a witness becomes unavailable at time of trial.

**Any objections to the depositions of the foregoing persons or to any questions or answers in the depositions shall be filed in writing no later than the day the case is first scheduled for trial. Objections not perfected in this manner will be deemed waived or abandoned. All depositions shall be reviewed by counsel and all extraneous and unnecessary matter, including**

non—essential colloquy of counsel, shall be deleted. Depositions, whether preserved by stenographic means or videotape, shall not go out with the jury.

21.

Attached hereto as Attachments "H—1" for Plaintiffs and "H—2" for the Defendant are any trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of the case. Limitations, if any, regarding the format and length of trial briefs is a matter of individual practice which shall be established by each judge.

The parties request permission to submit their trial briefs, if any, prior to jury selection.

22.

In the event this is a case designated for trial to the Court with a jury, requests for charges must be submitted no later than 9:30 a.m. on the date on which the case is calendared (or specially set) for trial. Requests which are not timely filed and which are not otherwise in compliance with LR 51.1, NDGa, will not be considered. In addition, each party should attach to the requests to charge a short (not more than one page) statement of that party's contentions, covering both claims and defenses, which the Court may use in its charge to the jury.

**Counsel are directed to refer to the latest edition of the Eleventh Circuit District Judges Association's <u>Pattern Jury</u> Instructions and Devitt and Blackmar's Federal Jury practice and Instructions in preparing the requests to charge. For those issues not covered by the Pattern Instructions or Devitt and Blackmar, counsel are directed to extract the applicable legal principal (with minimum verbiage) from each cited authority.**

23.

**If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in Attachment "I" to this Pretrial Order.  If counsel cannot agree on a special form of submission, parties will propose their separate forms for the consideration of the Court.**

The parties will submit their Requests to Charge in accordance with these instructions.

24.

**Unless otherwise authorized by the Court, arguments in all jury cases shall be limited to one-half hour for each side. Should any party desire any additional time for argument, the request should be noted (and explained) herein.**

Plaintiff's Request:

The Plaintiff requests forty-five minutes for argument. Plaintiff believes that additional time will be necessary to properly address the evidence regarding liability in light of the law governing the significant constitutional claims at stake in this litigation. Further, such additional time will be necessary to properly address economic and general damages available to the Plaintiff.

Defendants' Request:

Defendants request thirty (30) minutes for argument.

25.

**If the case is designated for trial to the Court without a jury, counsel are directed to submit proposed findings of fact and conclusions of law not later than the opening of trial.**

Not applicable.

26.

**Pursuant to LR 16.3, lead counsel and persons possessing settlement authority to bind the parties met in person on Wednesday, August 13, 2008, to discuss in good faith, the possibility of settlement of this case. The Court (_____) has or ( X ) has not discussed settlement of this case with counsel. It appears at this time that there is:**

\_\_\_\_\_     **A good possibility of settlement**

\_\_\_\_\_     **Some possibility of settlement**

\_\_√\_\_     **Little possibility of settlement**

\_\_\_\_\_     **No possibility of settlement**

27.

**Unless otherwise noted, the Court will not consider this case for a special setting, and it will be scheduled by the Clerk in accordance with the normal practice of the Court.**

This case has been specially set for trial commencing on September 22, 2008 at 9:30 a.m.

28.

**The Plaintiff estimates that he will require  2   days to present their evidence. Defendant estimates that it will require  2   days to present its evidence. It is estimated that the total trial time is  4   days.**

29.

**IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above captioned case ( \_\_\_\_) submitted by stipulation of the parties or (\_\_\_\_\_) approved by the Court after conference with the parties.**

**IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it**

supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the Court to prevent manifest injustice. Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party or the Court, unless specifically authorized in writing by the Court.

IT IS SO ORDERED this _____ day of _____ 2008.

_____
ORINDA D. EVANS, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Each of the undersigned counsel for the parties hereby consents to entry of the foregoing pretrial order, which has been prepared in accordance with the form pretrial order adopted by this Court.

*/s/ William J. Atkins*
William J. Atkins
ATKINS & ATTWOOD, LLC
6400 Powers Ferry Road, Suite 112
Atlanta, Georgia 30339
(404) 969-4130

*/s/ James E. Dearing, Jr.*
James E. Dearing, Jr.
James E. Dearing, Jr., P.C.
730 Peachtree Street, Suite 1055
Atlanta, Georgia  30308
(404) 870-0010