

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GEORGE MARK TUGGLE, :
:
Plaintiff, : CIVIL ACTION
:
v. : FILE NO. 1:06-CV-00272-ODE
:
CLAYTON COUNTY SHERIFF :
VICTOR HILL, in both his :
Official and Individual :
Capacities, :
:
Defendant. :

### DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW, MOTION FOR NEW TRIAL AND/OR IN THE ALTERNATIVE, MOTION TO AMEND OR ALTER THE JURY'S VERDICT AND COURT'S JUDGMENT

COMES NOW Defendant in the above action, Clayton County Sheriff Victor Hill, in both his official and individual capacities, and files with this Court his Motion for Judgment As a Matter of Law, Motion for New Trial and/or in the alternative Motion to Amend or Alter the Jury's Verdict and Court's Judgment. Defendant's Motions are brought pursuant to Rules 50(b) and 59 of the Federal Rules of Civil Procedure. Defendant files these Motions within the time required by the Federal Rules but asks this Court for additional time to supplement the Motions after the trial transcript and record are received.

In support of these Motions, Defendant does state the following:

1.

On September 29, 2008 the jury rendered its verdict in the amount of $250,000.00 in compensatory damages in favor of Plaintiff and against Defendant as to Plaintiff's First Amendment and false arrest claims against Defendant. The jury further awarded Plaintiff $225,000.00 in punitive damages against Defendant.

2.

The jury found in favor of Defendant as to Plaintiff's malicious prosecution claim.

3.

Defendant contends that a jury's verdict of $250,000.00 in compensatory damages is excessive, unfounded, exceeds the weight of the evidence of trial and should shock the conscience of the Court.

4.

The amount awarded by the jury in compensatory and punitive damages violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution because it was neither reasonable nor proportionate to the alleged wrong committed.

5.

Because the jury's verdict was neither reasonable nor proportionate to the alleged wrong committed, this Court can either grant a new trial, set aside the verdict or reduce the verdict and enter an amount that is reflective of the evidence and satisfies the Constitution.

6.

Defendant asserts that the damages assessed by the jury are so grossly excessive that they constitute a miscarriage of justice for which the only remedy is this Court's intervention and granting of a new trial and/or reduction of the verdict to an amount that reflects the weight of the evidence.

WHEREFORE, for the reasons above-stated, Defendant respectfully requests that this Court grant to him a judgment as a matter of Law, a new trial and/or reduce the jury's verdict to an amount that reflects the weight of the evidence and does not result in the Due Process Clause of the Fourteenth Amendment.

This _8th_ day of _October_, 2008.

Respectfully submitted:

JAMES E. DEARING, JR., P.C.

_/s/ James E. Dearing_
James E. Dearing, Jr.
Georgia Bar No. 215090
Attorney for Defendant

730 Peachtree Street, Suite 560

Atlanta, Georgia 30308
(404) 870-0010

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GEORGE MARK TUGGLE, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | FILE NO. 1:06CV-00272-ODE |
| | : | |
| CLAYTON COUNTY SHERIFF | : | |
| VICTOR HILL, in both his | : | |
| Official and Individual | : | |
| Capacities | : | |
| | : | |
| Defendants. | : | |

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW, MOTION FOR NEW TRIAL AND/OR IN THE ALTERNATIVE MOTION TO AMEND OR ALTER THE JURY'S VERDICT AND COURT'S JUDGMENT**

COMES NOW Defendant in the above action, Clayton County Sheriff Victor Hill, in both his official and individual capacities, and files this Brief in Support of his Motion for Judgment As a Matter of Law, Motion for New Trial and/or in the Alternative, Motion to Amend or Alter the Jury's Verdict and Court's Judgment stating the following:

### I. FACTUAL BACKGROUND

On September 29, 2008 a jury awarded Plaintiff the sum of $250,000.00 in compensatory damages and $225,000.00 in punitive damages on Plaintiff's First Amendment and false arrest claims. The jury

1

found in favor of Defendant Hill as to Plaintiff's malicious prosecution claim.

## II. ARGUMENT CITATION OF AUTHORITIES

During Plaintiff's presentation of his case, Plaintiff offered evidence which arguably showed that Plaintiff made fewer sales at a tradeshow than he did the previous year. No exact amounts or reasonable estimates were offered or tendered due to his arrest and brief incarceration.[1] Plaintiff offered no other documentary evidence or testimony regarding actual losses suffered by him in connection with Defendant's alleged wrongful acts. It is clear that the jury's verdict, in light of the evidence actually presented, is excessive. It is, therefore, the duty of this Court to intervene, set aside the verdict and either grant Defendant a new trial or substantially reduce the amount of the verdict.

This Court should disregard the jury's verdict because it is not based on the evidence presented at trial. Under Rule 50(b) of the Federal Rules of Civil Procedure the standard for granting a Motion pursuant to Rule 50(b) is whether "the evidence viewed in the light most favorable to the nonmovants without considering credibility or weight, reasonably permits only a conclusion in the movant's favor." Mendoza v. City of Rome, 872 F. Supp.

---

[1] Defendant is basing this upon his recollection of the testimony. Defendant will supplement this portion of his brief upon receipt of the trial transcript.

1110 (D.C.N.Y. 1994), citing, Jund v. Town of Hempstead, 941 F.2d 1271, 1290 (2d Cir. 1991). A Judgment Notwithstanding the Verdict (now known as a judgment as a matter of law) is reserved for those rare occasions when there is a complete lack of evidence to support the verdict and it appears that the verdict is the result of sheer surmise and conjecture and that no fair and reasonable person could have reached the jury's conclusion. Mendoza, citing Sorlucco v. New York City Policy Dept., 971 F.2d 864, 871 (2d Cir. 1992). Without question, the verdict in this case could not have been reached in neither a fair nor reasonable manner. Therefore, Rule 50 demands that the verdict be set aside.

Under Rule 59 of the Federal Rules of Civil Procedure, it is stated in relevant part that:

Subsection A. In General.

Grounds for new trial. The court may, on motion, grant a new trial on all or some of the issues – and to any party – as follows:

A. After a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in Federal Court.

One very clear reason for a new trial to be granted or, at the very least, when the trial court should alter or reduce the jury's verdict is when the verdict is

not supported by the evidence. As set forth above, Plaintiff's proof of damages amounted to mere speculation over possible loss. Plaintiff admitted at trial that his arrest and incarceration at the hands of Defendant did not cause him to lose his employment and that he did not suffer any reduction in his salary. As for loss of commissions, Plaintiff's testimony was general at best. Furthermore, Plaintiff did not establish any medical costs related to Defendant's actions.

In <u>State Farm Mutual Automobile Insurance Company v. Campbell</u>, 539 U.S. 408 (2003) the United States Supreme Court held that a punitive damages award of $145,000,000.00 was excessive when the compensatory damages award was for $1,000,000.00. The Court also held that the punitive damages award violated the Due Process Clause of the Fourteenth Amendment of the United States Constitution. The Court held that compensatory damages are intended to redress Plaintiff's actual and concrete losses, while punitive damages are intended to punish and deter. The Due Process Clause, however, prohibits the imposition of grossly excessive or arbitrary punishment of a tortfeasor. <u>State Farm</u>, citing <u>Cooper Industries Inc. v. Leatherman Tool Group Inc.</u>, 532 U.S. 424 (1991). The Court held further in <u>State Farm</u> that because civil defendants are not offered the protection offered criminal defendants "punitive damages pose an acute

danger of arbitrary deprivation of property, which is heightened when the decision maker is presented with evidence having little bearing on the amount that should be awarded". State Farm, 539 U.S. at 410. As such, the Supreme Court has instructed courts reviewing punitive damages to consider the following: (1) the degree of reprehensibly of the defendant's misconduct; (2) the disparity between the actual or potential harm suffered by the plaintiffs and the punitive damages award; and (3) the difference between the punitive damages awarded by the jury and the civil penalties or imposed in comparable cases.

When viewing the case before this Court based upon the evidence presented, Plaintiff's punitive damages award must be set aside. In order to determine a defendant's reprehensibility a court must consider whether the harm plaintiff claims was physical rather than economic and whether the defendant displayed an indifference to, or reckless disregard of, the health and safety of others. The conduct would also have to evidence that it had been repeated on numerous occasions and was not an isolated incident. Furthermore, the harm to plaintiff would have to be the result of intentional malice, trickery, or deceit.

The facts of this case shows that Plaintiff proved neither physical nor economic loss. It is beyond dispute that there was no malice in Defendant

Sheriff Hill's conduct. The jury, when given the opportunity to determine whether Defendant's conduct was malicious, completely rejected Plaintiff's claim of malicious prosecution. Furthermore, Philip Hanner testified that there was no malice on the part of the Sheriff.

As set forth in <u>State Farm</u>, punishment should not be used as a platform to expose and punish the perceived deficiencies of a defendant in another area unrelated to the direct harm allegedly cased by defendant. For example, in <u>State Farm</u>, plaintiffs were seeking to prove that defendant's denial of insurance coverage throughout the country showed a pattern of wrongdoing. The Supreme Court, however, ruled that a state cannot punish a defendant for conduct that may have been lawful when it occurred.

In a case before this Court, the actions taken by Defendant Sheriff Hill were lawful when they occurred. Defendant was Sheriff and a certain criminal procedural process was followed in obtaining a criminal warrant against Plaintiff. In <u>State Farm</u>, the Supreme Court held that in order to justify the imposition of punitive damages based upon prior conduct, the courts must ensure that the conduct in question replicates prior transgressions. There was no evidence presented at trial that Sheriff Hill, prior to the incident involving Plaintiff (or since the incident involving Plaintiff) engaged in conduct even remotely similar to the one he was

accused of in this case. Therefore, as to this particular part of the analysis, punitive damages are not justified.

The compensatory damages are also excessive as set forth under <u>State Farm</u>. Plaintiff, did not establish with any degree of certainty any amount of actual damages suffered. This makes the jury verdict even more troubling as we do not even have a basis from which to establish an amount that comports with due process. Clearly, the jury's verdict granted Plaintiff more than 10 times the amount of his speculative actual damages. In <u>State Farm</u> the Court held that "the Court has been reluctant to identify concrete constitutional limits on the ratio between harm, potential harm, to the plaintiff and the punitive damages award; but, in practice, few awards exceeding a single digit in a single-digit ratio between punitive and compensatory damages will satisfy due process." According to the Supreme Court in <u>State Farm</u>, reasonable single-digit multipliers are more likely to comport with due process, while still achieving those of deterrence and retribution.

Plaintiff's sketchy presentation of actual damages cannot support the weight of the jury's unreasonably high verdict. There is no logical road to be followed that would result in Defendant being assessed $475,000.00. See, <u>Mendoza</u> (where a jury's award of $200,000.00 in compensatory

7

damages for false arrest and assault was deemed excessive based on evidence that plaintiff sustained only a bruise and swelling of his right knee, bruise to his forehead, red marks to his wrist, numbness of hands, and headaches, none of which were permanent <u>and suffered shame and humiliation in being arrested, placed in patrol car and exhibited before eyewitnesses)</u>. Without question, Plaintiff's injuries fall below the mark set in <u>Mendoza</u>. Plaintiff lost no income, nor did he find himself unable to secure new employment. Even accepting Plaintiff's version of damages, the jury's verdict shocks the conscience.

The third component in the analysis deals with whether there was a relatively simple penalty to be assessed against Sheriff Hill other than the excessive award for damages.[2] To some degree, the jury's refusal to accept Plaintiff's claim for malicious prosecution undercuts the award for compensatory and punitive damages. As set forth above, the jury had the option of finding that Defendant was liable for malicious prosecution. The jury rejected this claim and, therefore, punishment for bad conduct should have been swept away. Notwithstanding the jury's inconsistent verdict, it still awarded Plaintiff excessive damages for alleged wrongful conduct. Therefore, for this reason, the jury's verdict should be set aside.

---

[2] Plaintiff spent substantial time presenting evidence of Defendant being ostracized for terminating several employees on his first day in office. It was also inferred that Defendant was assessed financial penalties for his acts.

8

The jury's verdict, as well as the evidence presented, was not based upon the evidence presented. The verdict was the result of the inflamed passions of the jury relating to Sheriff Hill's administrative actions against employees on his first weekday in office in January, 2005. When there is no evidence to support a jury's verdict and when it is clear that a jury's verdict is a result of sympathy, passion or prejudice, and the resulting verdict shocks the conscience of the Court, the Court should set aside the verdict. <u>Mendoza</u> at 1121.

The Court will recall that most of Plaintiff's case dealt not with the events of January 3-4, 2005, but with the terminations of several employees on January 3, 2005. As set forth in <u>State Farm</u>, even if Sheriff Hill's conduct was imperfect, the case before this Court was only a platform to expose and to punish the perceived deficiencies of Sheriff Hill's administration. This is even more apparent when this Court reviews the evidence presented and the award of compensatory and punitive damages. Again, there was very little (if any) evidence presented regarding actual loss. Plaintiff's actual loss was never quantified by Plaintiff. The Court will also recall that it even asked several questions to get a better idea of what actual loss, if any, Plaintiff suffered due to the actions of the Sheriff Hill.

Furthermore, Plaintiff suffered no physical harm other than the elevation of his already existing high blood pressure.

## **CONCLUSION**

Defendant is of the belief that the damages awarded were excessive and not justified by the evidence. Therefore, Defendant respectfully requests that this Court allow him additional time to supplement these Motions and upon review of the entire record and the evidence grant Defendant's Motions.

WHEREFORE, for the reasons above-stated, Defendant respectfully requests that his Motions be granted.

This _8th_ day of _October_, 2008.

Respectfully submitted:

JAMES E. DEARING, JR., P.C.

*/s/ James E. Dearing*
James E. Dearing, Jr.
Georgia Bar No. 215090
Attorney for Defendant

730 Peachtree Street, Suite 560
Atlanta, Georgia 30308
(404) 870-0010

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GEORGE MARK TUGGLE, :
:
Plaintiff, : CIVIL ACTION
:
v. : FILE NO. 1:06CV-00272-ODE
:
CLAYTON COUNTY SHERIFF :
VICTOR HILL, in both his :
Official and Individual :
Capacities, and :
DEPUTY SHERIFF JOANN :
BORRELLI, :
:
Defendants. :

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing Defendant's Brief in Support of Defendant's Motion for Judgment As a Matter of Law, Motion for New Trial and/or in the alternative Motion to Amend or Alter the Jury's Verdict and Court's Judgment by regular U.S. Mail to the following attorneys of record:

William J. Atkins, Esq.
James Attwood, Esq.
Atkins & Attwood, LLC
6400 Powers Ferry Road
Suite 112
Atlanta, Georgia 30339

This ____8th____ day of ____October____, 2008.

Respectfully submitted:

JAMES E. DEARING, JR., P.C.

_____
James E. Dearing, Jr.
Georgia Bar No. 215090

11

Attorney for Defendant

730 Peachtree Street
Suite 560
Atlanta, Georgia 30308
(404) 870-0010
(404) 870-0008 fax

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

GEORGE MARK TUGGLE, :
:
    Plaintiff, : CIVIL ACTION
:
v. : FILE NO. 1:06-CV-00272-ODE
:
CLAYTON COUNTY SHERIFF :
VICTOR HILL, in both his :
Official and Individual :
Capacities, :
:
    Defendant. :

## CERTIFICATE OF SERVICE

    I hereby certify that I have served a true and correct copy of the foregoing Defendant's Motion for Judgment As a Matter of Law, Motion for New Trial and/or in the alternative, Motion to Amend or Alter The Jury's Verdict and Court's Judgment, Brief in Support of Defendant's Motion for Judgment As a Matter of Law, Motion for New Trial and/or in the alternative, Motion to Amend or Alter The Jury's Verdict and Court's Judgment, and Defendant's Motion for an Extension of Time to Supplement the Defendant's Motion for Judgment As a Matter of Law, Motion for New Trial and/or in the alternative, Motion to Amend or Alter The Jury's Verdict and Court's Judgment by regular U.S. Mail to the following attorneys of record:

        William J. Atkins, Esq.
        James Attwood, Esq.
        Atkins & Attwood, LLC
        6400 Powers Ferry Road
        Suite 112
        Atlanta, Georgia 30339

This 8th day of October 2008.

Respectfully submitted:

JAMES E. DEARING, JR., P.C.

*James E. Dearing*
James E. Dearing, Jr.
Georgia Bar No. 215090
Attorney for Defendant