IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GEORGE MARK TUGGLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | |
| CLAYTON COUNTY SHERIFF | ) | NO.:1:06-CV-0272-ODE |
| VICTOR HILL, in both his official | ) | |
| and individual capacities | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION
TO REQUIRE DEFENDANT VICTOR HILL, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITIES, TO POST A COST BOND AND A SUPERSEDEAS
BOND**

COMES NOW, Plaintiff George Mark Tuggle ("Tuggle") and respectfully requests that the Court enter an order requiring Defendant Victor Hill, in his individual and official capacity, to post a cost bond and supersedeas bond pursuant to F.R.C.P. Rules 62(d) and 62(f) and O.C.G.A. §§ 5-6-46(a) and 9-11-62(b). In support thereof, Plaintiffs show as follows:

I.   INTRODUCTION

A jury returned a verdict against Clayton County Sheriff Victor Hill on September 29, 2008. (Doc. # 126). The Court entered judgment in favor of Tuggle and ordered,

> Victor Hill, in both his official and individual capacities, [to pay] the sum of TWO HUNDRED FIFTY THOUSAND AND NO/100 ($250,000.00) in compensatory damages, and TWO HUNDRED TWENTY-FIVE AND NO/100 ($225,000.00) in punitive damages.

(Doc. # 129).  Hill has since filed a <u>Motion for Judgment as a Matter of Law, Motion for New Trial and/or in the Alternative, Motion to Amend Jury Verdict, Motion to Alter Clerk's Judgment</u> (hereinafter <u>Motion for JNOV</u>). (Doc. # 130). Hill has also filed a Notice of Appeal.  (Doc. # 135).

Shortly before trial, Victor Hill lost his bid for re-election in Clayton County.  (<u>See</u> Exhibit "A", Clayton County Official Primary Election Results). Hill promptly put his residence on the market.  (<u>See</u> Exhibit "B", "*Clayton Sheriff Puts House On Market*," Atlanta Journal Constitution, August 25, 2008).  Hill will leave office at midnight on December 31, 2008, whereupon he will be a private citizen.

In the immediate aftermath of the trial, officials for Clayton County, Georgia announced that there was no insurance money to cover the judgment and made clear their intention to delay paying any part of this judgment for as long as possible.  (<u>See</u> <u>Exhibit</u> "<u>C</u>," "*Who Will Pay $475,000 Judgment In Clayton?*" Atlanta Journal Constitution, September 30, 2008).  In a pleading filed in a case pending in this judicial district, Clayton County, Georgia made clear that it has no intention of paying any part of the judgment against Sheriff Victor Hill, ostensibly because Clayton County, Georgia was "not a party" to this case. <u>See</u>

*Reply Brief In Support of Defendant Clayton County's Motion for Judgment on the Pleadings*, p. 11-12, <u>Blasingim, v. Victor Hill et al</u>, USDC-NDGA, Case No. 1:08-cv-2117-JEC, attached hereto as <u>Exhibit</u> "<u>D</u>"].

Should the Court (or the Eleventh Circuit) reward Clayton County, Georgia for its chicanery, Tuggle's only source of recovery will be Victor Hill's personal assets. The Court should take action to protect Tuggle against the very significant risk of loss associated with any delay in execution of this judgment against Hill. Therefore, Tuggle requests that the Court enter an order requiring that Hill, in his individual and his official capacities, post a cost and supersedeas bond pursuant to F.R.C.P. 62(d) and O.C.G.A. §§ 9-11-62(b).

II.     A<small>RGUMENT</small> A<small>ND</small> C<small>ITATION</small> O<small>F</small> A<small>UTHORITY</small>

"The purpose of a supersedeas bond is to "secure the prevailing party against any loss sustained as a result of being forced to forego execution on a judgment during the course of an ineffectual appeal." <u>Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.</u>, 600 F.2d 1189, 1190-91 (11th Cir., 1979). The Defendant bears the burden of "objectively demonstrating" some basis for departure from the "usual requirement of a full security supersedeas bond." *Id.* at 1191.

> It is not the burden of the judgment creditor to initiate contrary proof. Such a supersedeas bond is a privilege extended the judgment debtor as a price of interdicting the validity of an order to pay money."

*Id.*

In his Motion for JNOV and subsequent Notice of Appeal, Hill offers no "objective basis" for dispensing with the usual requirement of a supersedeas bond. It appears that Hill simply believes that he is entitled to a full stay of execution without offering any protection at all Tuggle. Hill is not correct.

> If a judgment debtor objectively demonstrates a present financial ability to facilely respond to a money judgment and presents to the court a financially secure plan for maintaining that same degree of solvency during the period of an appeal, the court may then exercise a discretion to substitute some for of guaranty of judgment responsibility for the usual supersedeas bond. Contrariwise, if the judgment debtor's present financial condition is such that posting of a full bond would impose an undue financial burden, the court similarly is free to exercise a discretion to fashion some other arrangement for substitute security through an appropriate restraint on the judgment debtor's financial dealings, which would furnish equal protection to the judgment creditor.

*Poplar Grove*, 600 F.2d at 1191. In the absence of any showing at all by Hill as to his present financial condition – whether individually or in his official capacity; and, in light of Clayton County, Georgia's apparent intent to "walk away" from the judgment, the Court must take necessary steps to protect Tuggle's ability to collect on this judgment in the likely event that Hill's appeal is unsuccessful. *See e.g. Pedraza v. United Guar. Corp.*, 313 F.3d 1323, 1329 (11th Cir. 2002).

Should the Court determine that Georgia law applies to this issue, the Court should consider: (1) the merits of the appeal and (2) the ability of the

Defendant or other party responsible for paying the judgment to pay the judgment. *See Order Granting Motion for Supersedeas Bond*, <u>Bennett et al v. Hendrix et al</u>, USDC-NDGA, Civil Action File No. 1:00-cv-2520-TWT (attached hereto as <u>Exhibit "E"</u>);   O.C.G.A. § 5-6-46(a), O.C.G.A. § 9-11-62(b); <u>*Spaulding v. Rich's, Inc.*</u>, *144 Ga. App. 467, 469, 241 S.E.2d  584 (1978)* (" Where a pauper's affidavit is successfully traversed the appellant should be required to pay the court costs and provide such supersedeas bond as is appropriate to the circumstances."); <u>*Hyman v. Leathers*</u>, *168 Ga. App. 112, 115, 308 S.E.2d 388 (1983)* (same).  Under applicable Georgia law, Hill can offer no reason for this Court to forego the "usual requirement" of a supersedeas bond.

As to the first factor, the issues raised in Hill's  post-trial <u>Motion for JNOV</u> do not warrant consideration by this Court or the Eleventh Circuit.  *See generally*, <u>*Reeves v. Sanderson Plumbing Prods., Inc.*</u>, *530 U.S. 133, 150-51, 120 S. Ct. 2097 (2000)*(under Rule 50, the court should only render judgment as a matter of law when a party has been fully heard on an issue, and fails to advance a legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue).  To the extent that Hill's *post-trial*, Rule 50(b) <u>Motion</u> challenges the award of compensatory and punitive damages to Tuggle, Hill waived that issue by failing to raise it as part of his oral Rule 50(a) motion at the close of Tuggle's case in chief.  *See* <u>Ross v. Rhodes Furniture, Inc.</u>, *146 F.3d 1286, 1289 (11th Cir.*

*1998)*(the interplay between Rule 50(a) and Rule 50(b) is designed, among other things, to preserve a plaintiffs' Seventh Amendment right to cure evidentiary deficiencies before his case [goes] to the jury.)

Hill could not foresee the amount of damages that would be awarded by the jury. Thus, he may legitimately challenge the *amount* of the awards as excessive, but that is all. What is more, any such challenge has virtually no chance of success before the court or on appeal, in light of the evidence adduced at trial, the reasonable ratio between compensatory and punitive damages, and well established law in this circuit. See generally, Bogle v. McClure, 332 F.3d 1347, 1359 (11th Cir. 2003).

As to the second factor, Hill has placed his house on the market, he refused to respond to any pre-trial discovery concerning his personal assets, and he is a "lame duck" sheriff who, according to numerous reports, may well move out of state as soon as his term concludes. Thus, Tuggle is justifiably concerned that Hill may be unable to pay this judgment in the likely event that his appeal fails. Tuggle's concern is heightened by Clayton County, Georgia's apparent intent to avoid responsibility for payment of any portion of the judgment. Accordingly, the Court should follow standard practice and require that Hill post a cost and supersedeas bond "computed . . . to include the whole amount of the judgment

remaining unsatisfied, costs on the appeal, interest, and damages for delay."

*Poplar Grove*, 600 F.2d at 1191.

### III.  CONCLUSION

Plaintiff respectfully requests that the Defendant be required to post a cost bond and a supersedeas bond in the amount $664,539.25, an amount equal to the judgment, outstanding costs, approximate costs on appeal ($750.00), and Plaintiff's attorneys fees incurred through trial ($174,710.42).  Further, Plaintiff respectfully requests that any stay automatically imposed by law be lifted until such bonds are approved.

Respectfully submitted this 28rd  day of October, 2008.

>                     */s/ William J. Atkins*
>                     William J. Atkins
>                     State Bar No.   027060

ATKINS & ATTWOOD, LLC
6400 Powers Ferry Road, Suite 112
Atlanta, Georgia  30339
(T) (404) 969-4130
(F) (404) 969-4140
batkins@aa-llc.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GEORGE MARK TUGGLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE |
| ) | NO.: 1:06-CV-0272-ODE |
| CLAYTON COUNTY SHERIFF ) | |
| VICTOR HILL, in both his official ) | |
| and individual capacities., ) | |
| ) | |
| Defendant. ) | |

_____

**CERTIFICATE OF SERVICE**

I hereby certify that on October 28, 2008, I electronically filed a **Plaintiff's Brief in Support of Motion to Require Defendant Hill to Post a Cost Bond and a Supersedeas Bond**, with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

James E. Dearing, Jr.
James E. Dearing, Jr., P.C.
730 Peachtree Street, Suite 1055
Atlanta, Georgia  30308

                                             */s/ William J. Atkins*
                                             William J. Atkins
                                             State Bar No.  027060

ATKINS & ATTWOOD, LLC
6400 Powers Ferry Road, Suite 112
Atlanta, Georgia  30339
(T) (404) 969-4130
(F) (404) 969-4140
batkins@aa-llc.com