IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GEORGE MARK TUGGLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO.: 1:06-CV-0272-ODE |
| CLAYTON COUNTY SHERIFF | ) | |
| VICTOR HILL, in both his official | ) | |
| and individual capacities | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW, MOTION FOR NEW TRIAL AND/OR IN THE ALTERNATIVE, MOTION TO AMEND OR ALTER THE JURY'S VERDICT AND COURT'S JUDGMENT**

COMES NOW, Plaintiff George Mark Tuggle ("Tuggle") and files his Brief In Opposition to Defendant's Motion for Judgment as a Matter of Law, Motion for New Trial and/or In the Alternative, Motion to Amend or Alter the Jury's Verdict and Court's Judgment, as follows:

I. INTRODUCTION

A jury returned a verdict against Clayton County Sheriff Victor Hill on September 29, 2008. (Doc. # 126). The Court entered judgment in favor of Tuggle and ordered,

–1–

Victor Hill, in both his official and individual capacities, [to pay] the sum of TWO HUNDRED FIFTY THOUSAND AND NO/100 ($250,000.00) in compensatory damages, and TWO HUNDRED TWENTY-FIVE AND NO/100 ($225,000.00) in punitive damages.

(Doc. # 129).

Hill has since filed a <u>Motion for Judgment as a Matter of Law, Motion for New Trial and/or in the Alternative, Motion to Amend Jury Verdict, Motion to Alter Clerk's Judgment</u> (hereinafter <u>Motion for JNOV</u>). (Doc. # 130). Hill has also requested additional time to supplement his <u>Motion for JNOV</u>. (Doc. # 131). Hills' <u>Motion for JNOV</u> *only* challenges the amount of the jury's verdict of compensatory and punitive damages. As the jury's verdict is entirely consistent with the evidence presented at trial, the Court should deny Hill's <u>Motion for JNOV</u> without delay.

II. <u>ARGUMENT AND CITATION OF AUTHORITY</u>

Under Fed. R. Civ. Pro. 50, the court should only render judgment as a matter of law when "a party has been fully heard on an issue, and fails to advance a legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Fed. Rule Civ. Proc. 50(a)*; <u>see also</u>, <u>Weisgram v. Marley Co.</u>, *528 U.S. 440, 120 S.Ct. 1011 (2000)*. The Court reviews "all the evidence in the

record" and "must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." <u>Reeves v. Sanderson Plumbing Prods., Inc</u>, 530 U.S. 133, 149-151, 120 S.Ct. 2097 (2000). Furthermore, the court "*must disregard all evidence favorable to the moving party that the jury is not required to believe.*" *Id. (emphasis added).*[1] Under this standard, there is no basis in fact or law for granting the Defendant's <u>Motion for JNOV</u>.

## A. HILL HAS WAIVED ANY CHALLENGE TO TUGGLE'S CLAIM FOR COMPENSATORY AND PUNITIVE DAMAGES

To the extent that Hill's <u>Motion for JNOV</u> can be read to challenge Tuggle's right to recover compensatory or punitive damages based on the sufficiency of the evidence, Hill has waived that argument in three ways. First, Hill's oral Rule 50(a) Motion did not challenge the sufficiency of the evidence supporting Tuggle's claim for compensatory and punitive damages; Hill's counsel focused exclusively on liability. Second, Hill did not object to the Court's jury charges on compensatory or punitive damages. Hill also agreed to have the jury consider punitive damages during its deliberations on liability and general

---

[1] The Court defined the evidence supporting the moving party that may be considered as evidence that was "uncontradicted and unimpeached, at least to the extent that the evidence comes from disinterested witnesses." *Id.* 151.

damages. Finally, Hill expressly approved the form of the Jury Verdict giving the jury options to award compensatory and punitive damages to Tuggle. Hill has waived any challenge based on the sufficiency of the evidence supporting the jury's award of compensatory and punitive damages.

The interplay between Rule 50(a) and Rule 50(b) is designed, among other things, to preserve a plaintiffs' "Seventh Amendment right to cure evidentiary deficiencies before his case [goes] to trial." *Ross v. Rhodes Furniture, Inc.,* 146 F.3d 1286, 1289 (11th Cir. 1998); *see also, Crawford v. Andrew Sys., Inc.,* 39 F.3d 1151, 1154 (11th Cir. 1994); *Sims' Grane Serv., Inc. v. Ideal Steel Prods.,* 800 F.2d 1553, 1557 (11th Cir. 1986). In reviewing a Rule 50(b) motion, the Court must therefore look first to the record of the Rule 50(a) motion to ensure that "a plaintiff's Seventh Amendment rights have [not] been ambushed." *Ross*, 146 F.3d at 1289. Where that record reveals that there is no relationship whatsoever between the grounds argued by the Defendants in the Rule 50(a) motion and the grounds argued in the Rule 50(b) motion, the "trial judge may not rely on the new grounds to set aside the jury's verdict." *Id.*

Hill's oral Rule 50(a) Motion made no reference at all to damages; Hill's counsel argued only that there was no evidence of *liability* against Hill.[2]

> Motions for directed verdict based on the sufficiency of the evidence must state specific grounds. Any deficiency in the evidence which is not specifically addressed in the motion for directed verdict may not be raised on appeal. A party cannot have a jury consider the merits of a case while tacitly holding an insufficient evidence claim in reserve for an appeal.

Walters v. City of Atlanta et al, 803 F.2d 1135, 1146 (11th Cir. 1986). Tuggle had no notice at all that Hill somehow believed that the evidence presented as to compensatory and punitive damages was insufficient as a matter of law, accordingly, Hill's Motion for JNOV must be denied.

In the even that Hill contends that a challenge to compensatory and punitive damages was somehow implicit in his oral Rule 50(a) motion, the Court should nonetheless determine that Hill waived his right to challenge the award of compensatory and punitive damages. As the Eleventh Circuit explained in *Ross*,

> We see no difference between a record that omits any mention of a Rule 50(a) motion and ***one that is mute concerning the grounds argued in support of the Rule 50(a) motion.*** Both deficiencies go

---

[2] Although not germane to the issue before the Court in this Motion, Tuggle notes that Hill's counsel did not address qualified immunity or the Eleventh Amendment in his oral Rule 50(a) motion.

> to the heart of our concerns that a plaintiff's Seventh Amendment rights not be ambushed and that a plaintiff be allowed to cure evidentiary deficiencies before the jury retires.

*Ross*, 146 F.3d at 1290; see also, <u>Walters</u>, supra. It was Hill's duty to properly establish a record of each and every ground of a Rule 50(a) motion. Where, as here, Hill's motion was "mute" as to the sufficiency of the evidence supporting an award of compensatory or punitive damages, the Court must deem any such argument waived and deny a Rule 50(b) motion.

Further, Hill failed to challenge the Court's jury instruction on compensatory damages, the Court's decision to have the jury consider punitive damages during its deliberations, and, finally, the form of the Jury Verdict. In <u>Dudley et al v. Wal-Mart Stores, Inc.</u>, *166 F.3d 1317 (11th Cir. 1999)*, the Eleventh Circuit concluded that Wal-Mart waived any challenge to the sufficiency of the evidence supporting compensatory damages by making "no reference to compensatory damages or emotional distress [in its renewed Rule 50(a) motion]" and failing to "object to the jury instruction on compensatory damages." <u>Dudley</u>, 166 F.3d at 1323, n. 9; compare, <u>Akouri v. State of Florida Dept. of Transportation</u>, 408 F.3d 1338 (11th Cir. 2005)(defendant preserved challenge to sufficiency of damages evidence by moving to strike special interrogatories

to the jury on damages). Hill waived any right to belatedly challenge the sufficiency of the evidence as to compensatory and punitive damages.

"When the trial involves simple issues, highly disputed facts, and there is an absence of `pernicious occurrences,' trial courts should be considerably less inclined to disturb a jury verdict." *Williams v. City of Valdosta*, 689 F.2d 964, 974 (11th Cir. 1982). The only "pernicious occurrence" in this trial was caused by Hill, who volunteered Tuggle's prior arrest despite the Court's clear instructions. There were no significant evidentiary issues raised by either party. The charge conference proceeded without significant conflict between the parties. Hill simply does not like the result. That does not provide a basis for challenging a verdict. Hill's Motion for JNOV must be denied.

### B. THE JURY'S AWARD OF COMPENSATORY DAMAGES IS NOT CONTRARY TO THE GREATER WEIGHT OF THE EVIDENCE.

General damages are awarded in American law as compensation for intangible injury, and such damages are guided by the overall enlightened conscience of the jury.

> Although compensatory damages must be proven, general compensatory damages, as opposed to special damages, need not be proved with a high degree of specificity and may be inferred from the circumstances. Ferrill v. Parker Group, Inc., 168 F.3d 468, 476 (11th Cir.1999). "A plaintiff may be compensated for intangible, psychological injuries as well as financial, property, or physical harms." Id. "Humiliation and insult are recognized, recoverable harms," and a plaintiff's own testimony of embarrassment and humiliation can be sufficient to support an award for compensatory damages. Id. (citing Marable v. Walker, 704 F.2d 1219, 1220 (11th Cir.1983)).

*Bogle v. McClure*, 332 F.3d 1347, 1359 (11th Cir. 2003). Courts charged with reviewing an award of compensatory damages are loathe to substitute their own judgment for that of a jury and must apply a highly deferential standard of review precisely because "the harm is subjective and evaluating it depends considerably on the demeanor of the witness." *Id.* At 1359.

*Bogle* sets the standard in this Circuit for determining whether an award of compensatory damages is excessive. *Bogle* involved seven white female librarians who brought discrimination claims against various government employees asserting that they had been transferred to less desirable jobs at various Fulton County libraries. The defendants argued that the transfers were part of a legitimate and non-discriminatory reorganization plan, and they introduced evidence to that effect. Each of the seven librarians received $500,000 compensatory verdicts based solely on their own testimony that they felt "embarrassed," "confused," "humiliated," and "discouraged." *Id.* at 1354. Not

one of the Plaintiffs in Bogle "experienced any decrease in pay, classification, or benefits." *Id.* Despite the lack of concrete evidence, the Eleventh Circuit "descern[ed] no reason to substitute our judgment for that of the jury or the district court as to the amount of damages necessary to compensate [the plaintiffs] for their emotional pain and suffering." *Id.*

In light of *Bogle*, Tuggle presented ample evidence to support the jury's award of $250,000.00 in compensatory damages. The jury's award of compensatory damages reflected their careful consideration of Tuggle's testimony about all the circumstances surrounding his arrest, incarceration and prosecution by Hill. Tuggle and his wife, Jenan Tuggle, testified to the anxiety, fear and humiliation Tuggle experienced upon learning that Hill had ordered his immediate arrest. Tuggle described the anxiety, fear and humiliation he experienced during his twenty-nine hour jail stay, including his televised bond hearing. His medical records and the jail nurse testified to his physical reaction to being arrested – his blood pressure was so high that the medical staff initiated an emergency protocol and placed him in the infirmary for observation. Stan Owens, the jail chaplain, testified to visiting Tuggle in jail and observing Tuggle's emotional condition.

Following his release from custody, Tuggle described his experience at the biggest camping show of the year – he was surrounded by former customers and

co-workers who wanted to know why he had been arrested. He explained that his business community is a small one and he still gets asked about this incident. He could not quantify a precise dollar amount in sales income lost as a result of the incident, but he submitted W-2s for the years prior to and following the incident demonstrating a decrease in income. He also submitted a copy of his attorney's invoice for the costs of his criminal defense. Finally, Tuggle testified that the notoriety has damaged his personal and professional reputation in the community.

The jury not only listened to Tuggle, they had the opportunity to observe his demeanor and manner of testifying. Tuggle's demeanor reflected his feelings of pain, confusion and self- doubt that stemmed directly from Hill's blatant violation of Tuggle's First and Fourth Amendment rights. The jury lauded Tuggle's courageous decision to confront Hill's abuse of power and, when that decision led to a far worse abuse of power by Hill, the jury fully appreciated the loss of human dignity associated with losing one's freedom for no reason at all. The award of compensatory damages is entirely consistent with the evidence. *See e.g.*, *Wright v. Sheppard*, *919 F.2d 665, 669 (11th Cir. 1990)*(holding that non-physical injuries such as humiliation, emotional distress, and mental anguish and suffering are all within the ambit of *§ 1983* compensatory damages).

In assessing the appropriateness of an award of compensatory damages, courts look to: (1) the size of the award; (2) the rational relationship between the award and the evidence adduced at trial; and (3) awards in similar cases. *Copley v. Bax Global, Inc.*, 97 F. Supp.2d 1164, 1172 (SD FL 2000). The size of the award -- $250,000.00 -- is not unusually large. Further, a rational relationship exists between the amount of the award and Tuggle's evidence of damages. Tuggle's evidence included medical evidence of physical injury, compelling evidence of public humiliation (caused in large part by Hill's apparent desire to get Tuggle's mug shot on the six o'clock news), and other evidence of emotional pain and suffering. Finally, the award is not out of the ordinary when compared to similar cases. *See e.g. Edmond v. Morano et al*, 177 Fed. Appx. 884 (11th Cir. 2006)(*affirming award of $225,000.00 in compensatory damages in 4th Amendment case*). The Court should let the jury's award of $250,000.00 in compensatory damages stand.

### C. THE JURY PROPERLY AWARDED OF PUNITIVE DAMAGES

Hill appears to raise a constitutional challenge to the jury's award of punitive damages in the amount of $225,000.00. The Court should consider three factors in assessing the constitutionality of a punitive damages award. The dominant consideration is the reprehensibility of the defendant's conduct. *BMW of N. Am. v. Gore*, 517 U.S. 559, 575, 116 S.Ct. 1589 (1996). The Court should also

consider the disparity between the civil penalties assessed in analogous cases. <u>Id.</u> Finally, the Court should consider the ratio of punitive damages to compensatory damages. As to the second factor, Tuggle is unaware of any "civil" penalty associated civil rights violations, rather, Congress has specifically authorized criminal sanctions in appropriate cases. Accordingly, Tuggle focuses on the first and third considerations.

The jury's verdict against Hill necessarily required a finding that Hill intentionally violated Tuggle's First and Fourth Amendment rights. Hill was an elected official occupying the most powerful law enforcement office in Clayton County. On his second day in office, he abused that awesome authority by ordering Tuggle's arrest for calling him "a short 'lil bastard" and "scum." In truth, his motives were all the more sinister: Hill intended to make a public example of Tuggle and thereby silence further criticism of his administration. Hill said it best on the day Tuggle's charges were dropped by the Solicitor, "*he may have beat the rap, but he didn't beat the ride. I'll bet he won't be calling my office anymore*." Such conduct by a constitutional officer is reprehensible and certainly justifies the jury's award of $225,000.00 in punitive damages.

Finally, the jury's award of punitive damages is proportional to the award of compensatory damages. The Supreme Court has consistently upheld single digit ratios and, in this case, the ratio is actually slightly less than 1:1

(250,000:225,000). Although the compensatory damages award was not particularly high, there is plainly no due process concern where the award of punitive damages is equal to the award of compensatory damages. *Williams v. Conagra Poutry Co.*, 378 F.3d 790, 796-799 (11th Cir. 2004)(remitting award of punitive damages to an amount equal to award of compensatory damages). There is no constitutional issue raised by the jury's award of punitive damages. Hill's Motion for JNOV should be denied.

## III. CONCLUSION

For the within and foregoing reasons, Tuggle respectfully requests that Hill's Motion for JNOV be denied.

Respectfully submitted this 28rd day of October, 2008.

> */s/ William J. Atkins*
> William J. Atkins
> State Bar No.  027060

ATKINS & ATTWOOD, LLC
6400 Powers Ferry Road, Suite 112
Atlanta, Georgia  30339
(T) (404) 969-4130
(F) (404) 969-4140
batkins@aa-llc.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GEORGE MARK TUGGLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE |
| ) | NO.: 1:06-CV-0272-ODE |
| CLAYTON COUNTY SHERIFF ) | |
| VICTOR HILL, in both his official ) | |
| and individual capacities., ) | |
| ) | |
| Defendant. ) | |

_____

**CERTIFICATE OF SERVICE**

I hereby certify that on October 28, 2008, I electronically filed a **Plaintiff's Brief In Opposition To Defendant's Motion For Judgment As A Matter Of Law, Motion For New Trial And/Or In The Alternative, Motion To Amend Or Alter The Jury's Verdict And Court's Judgment**, with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

James E. Dearing, Jr.
James E. Dearing, Jr., P.C.
730 Peachtree Street, Suite 1055
Atlanta, Georgia  30308

        */s/ William J. Atkins*
        William J. Atkins
        State Bar No.  027060

ATKINS & ATTWOOD, LLC
6400 Powers Ferry Road, Suite 112
Atlanta, Georgia  30339
(T) (404) 969-4130

(F) (404) 969-4140
batkins@aa-llc.com