IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GEORGE MARK TUGGLE,          )
                             )
          Plaintiff,         )
                             )
v.                           )          CIVIL ACTION FILE
                             )          NO.: 1:06-CV-0272-ODE
CLAYTON COUNTY SHERIFF       )
VICTOR HILL, in both his official )
and individual capacities,   )
                             )
          Defendant.         )

## DECLARATION OF WILLIAM J. ATKINS

1.    My name is William J. Atkins.  I served as lead counsel for Mark Tuggle in

      this case.  I give this Declaration in support of the Plaintiff's Motion for

      Award of Attorneys' Fees and Expenses of Litigation.

2.    I am a member of the law firm of Atkins & Attwood, LLC and am the partner

      responsible for supervision of my firm's work on this case.

3.    Prior to opening Atkins & Attwood, LLC on April 1, 2008, I was a shareholder

      at the law firm of Parks, Chesin & Walbert, P.C.  As the partner with primary

      responsibility for representing Mr. Tuggle, I was responsible for supervising

      the work of the associates and paralegals who performed work on Mr.

      Tuggle's behalf.

4.   I have been a member in good standing of the State Bar of Georgia since my admission to the practice of law on June 7, 1994.   I am admitted to practice before the Georgia Supreme Court and the Georgia Court of Appeals.   I am also admitted to practice before the United States Court of Appeals for the Eleventh Circuit and the United States District Court's for the Northern and Middle Districts of Georgia.   I have been admitted *pro hac vice* to represent clients in the United States District Courts for the Southern District of Georgia, Middle District of Florida, South Carolina District, and Eastern District of Tennessee.

5.   I received my Juris Doctor degree from Emory University School of Law in the Spring of 1994.   I was a member of the National Moot Court Team, Order of the Barristers, and Lamar Inn of Court.   I earned distinction as Best Oralist in the 1992 Intra-Mural Moot Court Competition.

6.   Upon graduation from law school, I accepted a position as a compliance officer with BancBoston Mortgage Corporation in Jacksonville, Florida.   I returned to Atlanta in January, 1995 to open a civil and criminal trial practice.

7. In February of 1996, I accepted a position as an Assistant District Attorney in the Douglas Judicial Circuit. I worked as a prosecutor handling felony and misdemeanor prosecutions for three and a half years. I served as lead counsel on behalf of the State of Georgia in over twenty (20) jury trials, all but one of which resulted in convictions. Of those convictions that were appealed, all were affirmed by the Georgia Court of Appeals. *See Lindley v. State*, 225 Ga. App. 338, 484 S.E.2d 33 (1997); *Driver v. State*, 240 Ga. App. 513, 523 S.E.2d 919 (1999); *Sewell v. State*, 244 Ga. App. 449, 536 S.E.2d 173 (2000); *Griggs v. State*, 251 Ga. App. 430, 554 S.E.2d 569 (2001); *Beck v. State*, 250 Ga. App. 654, 551 S.E.2d 68 (2001).

8. I joined Parks, Chesin & Walbert, P.C. as an associate in November of 2000. I was responsible for representing individuals in a wide variety of civil matters, including serious personal injury, employment discrimination, and civil rights matters. I was also involved in representing businesses in litigation and internal investigations.

9. I served as lead counsel in *James Tillman v. City of Ocala, Florida, et. al.,* U.S.D.C. Middle District of Florida, C.A.F.N. 5:04-CV-0219-WTH. The *Tillman* case involved claims of race discrimination and retaliation under

Title VII of the Civil Rights Act of 1964 and the Fourteenth Amendment to the United States Constitution. I tried the *Tillman* case to a jury in October of 2005. The jury returned a verdict of $884,000.00, the largest verdict ever secured for a single plaintiff in an employment discrimination matter in the Ocala Division of the Middle District of Florida. I submitted a Fee Petition in that matter, however, the case was settled for a confidential amount before the Court ruled on the Fee Petition.

10.     The following year, I served as lead counsel in *Ellen A. Cauthen v. Richmond County Board of Education, et. al.*, U.S.D.C. Southern District of Georgia, C.A.F.N. CV103-187. The *Cauthen* case involved claims of race discrimination under Title VII of the Civil Rights Act of 1964 and the Fourteenth Amendment to the United States Constitution. I tried the *Cauthen* case to a jury in the Spring of 2006. Although my client did not have any lost wages, the jury returned a verdict of $268,000.00 in compensatory damages. I submitted a Fee Petition seeking an award of attorney's fees in excess of $150,000.00. The case settled before the Court ruled on the Fee Petition, but, the confidential settlement amount reflected full value of our attorney's fees and expenses.

11. In the Fall of 2007, I served as lead counsel in *Marisa Bailey v. Milstead Foodmart et al*, a case involving claims of false arrest and malicious prosecution under Georgia law. I tried the case to a jury in State Court in the Rockdale Judicial Circuit. The jury returned a verdict of $350,000.00 that included an award of $100,000.00 in attorneys fees pursuant to O.C.G.A. § 9-11-68. The case ultimately settled for a confidential amount in excess of the total verdict. The verdict represented one of the largest awards to a single plaintiff in the Rockdale Judicial Circuit, one of Georgia's more conservative venues.

12. I also worked as an associate in the matter of *Virdi v. DeKalb County School District et al*, Civil Action File No. 1:97-CV-3485-CAP. In that matter, I was awarded fees based on an hourly rate of $250.00 in a § 1983 case. (Beverman, J., affirmed by Pannel, J., Order dated 2/08/08). That was a conservative hourly rate for my time in that case, and did not reflect my market rate at the time the Order was entered in the Virdi matter.

13. Due to my background as a prosecutor, I have developed a particular expertise handling civil rights claims arising under the First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

14.    During my eight years at Parks, Chesin & Walbert, P.C., I was responsible for handling most of the Firm's civil rights matters involving police misconduct claims arising under the First and Fourth Amendments to the United States Constitution. See e.g. *Skop v. City of Atlanta*, 485 F.3d 1130 (11th Cir. 2007)(reversing district court's decision granting qualified immunity to officer at summary judgment stage in false arrest, malicious prosecution case); *Buckner v. Williamson*, 2008 U.S. Dist. LEXIS 46368 (MDGA 2008)(denying summary judgment to complaining witness in false arrest, malicious prosecution case); *Bates v. Harvey*, 518 F.3d 1233 (11th Cir. 2008)(finding search and seizure violated the Fourth Amendment, but nevertheless reversing denial of qualified immunity on clearly established law prong of qualified immunity). The Buckner matter was tried to a jury just a week after the trial of this matter. The jury awarded $1.3 million in damages to my former client and, on October 31, 2008, Parks, Chesin & Walbert submitted a Fee Petition to District Judge Clay Land seeking an award of $244,201.25 in attorneys fees, including $61,509.00 for my work billed at a low market rate of $290.00/hour.

15. Due to my expertise in police misconduct matters and the legal defense of qualified immunity, I have taught a number of seminars on these issues for law enforcement officials and attorneys. I taught a two hour class to the Georgia Association of Internal Affairs Investigators in the Fall of 2006 and a four hour class at the Annual Conference for the National Association of Internal Affairs Investigators in the Fall of 2007. I recently spoke on the subject of False Arrest, Malicious Prosecution and Retaliatory Prosecution at a seminar for attorneys and law enforcement officers sponsored by the Lorman Group.

16. I became a partner at Parks, Chesin & Walbert, P.C. just two months after I began representing Mr. Tuggle in November of 2005. I am familiar with the firm's policies, practices and procedures governing the recording and maintenance of time and expense records at Parks, Chesin & Walbert, P.C. ("PCW"). I am also familiar with PCW's standard hourly rates ("Standard Hourly Rates") customarily charged for professional services delivered to clients: (a) who hire PCW for a particular case or matter on a purely hourly basis and generally pay their bills within a 30-60 day cycle; (b) who shoulder full responsibility for the expenses of their case and relieve PCW

of any financial risk associated with carrying case expenses for an indefinite period of time; (c) who agree to pay PCW its fee calculated on an hourly basis without regard to the ultimate result obtained in the case; and (d) for whom neither a premium billing arrangement nor a discounted billing rate arrangement is appropriate and agreed to in advance. After I became a partner at Parks, Chesin & Walbert, my Standard Hourly Rate was $290.00.

17. Exhibit "A" to the Affidavit of A. Lee Parks, Jr. is an itemized statement of all time and expenses incurred in the case by myself, other attorneys and paralegals employed at PCW. The hourly rates reflected therein correctly reflect the hourly rates PCW charges and collects from clients who hire PCW to perform legal services on a Standard Hourly Rate basis. The itemized time and expense entries were generated from a database of entries created in the ordinary course of PCW's business by persons with actual knowledge of the events recorded at or about the time of the events recorded, and which have been maintained in the ordinary course of PCW's business. I have personally reviewed my time entries, as well as those of Steven Wolfe and Eleanor Attwood, two associates who worked

under my supervision in this matter.  I believe these compilations of the time and expense records to be an accurate and reliable account of the work performed and the expenses incurred by PCW and its personnel in this case.

18.  James A. Attwood and I opened the law firm of Atkins & Attwood, LLC ("AA LLC") on April 1, 2008.  Mr. Tuggle chose to retain me and my new firm as counsel in this matter which was pending in the Eleventh Circuit Court of Appeals.  I am familiar with the policies, practices and procedures governing the recording and maintenance of time and expense records at AA LLC.  We are a small, newly established firm, so our clients tend to be individuals and small businesses who cannot afford to pay market hourly rates.  As a result, we typically use flat fee, blended fee and contingency fee billing arrangements, in addition to standard hourly rate arrangements.  I am familiar with, and personally approve, all such billing arrangements, including those matters where AA LLC charges a Standard Hourly Rate for professional services delivered to clients:  (a) who hire AA LLC for a particular case or matter on a purely hourly basis and generally pay their bills within a 30-60 day cycle; (b) who shoulder full responsibility

for the expenses of their case and relieve AA LLC of any financial risk associated with carrying case expenses for an indefinite period of time; (c) who agree to pay AA LLC its fee calculated on an hourly basis without regard to the ultimate result obtained in the case; and (d) for whom neither a premium billing arrangement nor a discounted billing rate arrangement is appropriate and agreed to in advance.

19.     AA LLC's Standard Hourly Rate for work performed by Mr. Attwood and me will vary between $250 - $300 according to a variety of factors unique to each matter, including the client's financial means, the complexity of the matter, the projected length of the representation and the likelihood that the client will retain the Firm on future matters. The Firm's Standard Hourly Rate for associates with one to three years of experience, including Ms. Dena Crim, is $150.00.

20.     Exhibit "A" to this Declaration is an itemized statement of all time and expenses incurred in the case by myself and other attorneys employed at AA LLC. The itemized time and expense entries were generated from a database of entries created in the ordinary course of AA LLC's business by persons with actual knowledge of the events recorded at or about the time

of the events recorded, and which have been maintained in the ordinary course of AA LLC's business. I have personally reviewed the entries in each compilation and reduced or wrote off charges which I deemed, in the exercise of my billing judgment, excessive. I believe these compilations of the time and expense records to be an accurate and reliable account of the work performed and the expenses incurred by AA LLC and its personnel in this case.

21. Compensation at the rate of $290.00 per hour for me and Mr. Attwood is a conservative rate for complex federal litigation in metropolitan areas in the Eleventh Circuit and is a reasonable lodestar hourly rate based on prevailing market rates in the Northern District of Georgia.

22. Compensation at the rate of $150.00 per hour for Ms. Crim is a rate within the norm for complex federal litigation in metropolitan areas in the Eleventh Circuit and is a reasonable lodestar hourly rate based on prevailing market rates in the Northern District of Georgia.

23. Standard Hourly Rates are predicated on the assumptions that the client will pay in full on a 30-60 day cycle, that counsel is not required to shoulder any significant financial risk of unreimbursed case expense, and

that counsel will be paid currently regardless of the result ultimately achieved. In this case, counsel advanced expenses of $13,798.83 and invested more than $153,000.00 of professional time over a three year time period with no assurance of any recovery.

24.  The risks involved in contingency cases involving personal injuries and the like are magnified in civil rights cases against law enforcement officials. Such cases are often unpopular, as the general public and the judiciary tend to naturally sympathize with law enforcement officials in light of the challenges they confront everyday on the job. Second, the complex constitutional issues involved, and particularly the qualified immunity defense often pose insurmountable legal hurdles. The interlocutory appeals involved in such cases, for example, mean that a plaintiff must prevail before the District Court and the Court of Appeals at least once before jury trial. This unique procedural hurdle is fraught with risk and inevitably means that these cases will take a minimum of three years to reach trial.

25.  *Bates v. Harvey*, 518 F.3d 1233 (11th Cir. 2008) serves as an excellent example of the unique challenges involved in police misconduct litigation. I first

represented D'Anna Bates in her criminal jury trail on a charge of Obstruction. The jury returned a "not guilty" verdict and, thereafter, I filed a civil rights case against the officer responsible for arresting Ms. Bates. District Judge Jack Camp denied summary judgment to the officer on the substantive claims and the qualified immunity defense, finding that the officer's entry into the Bates' home violated the Fourth Amendment. On interlocutory appeal, the Eleventh Circuit found that the officer's entry into the Bates' home was unconstitutional, but granted qualified immunity because the law did not give the officer "fair warning" that his conduct violated the constitution. The Supreme Court recently denied Ms. Bates' Petition for Certiorari. All told, PCW and AA LLC invested well over $200,000.00 in professional time and $15,000.00 in expenses representing Ms. Bates. The Bates case counts as a "loss" for Ms. Bates, PCW and AA LLC, although the Eleventh Circuit's published opinion now puts law enforcement officials throughout the Circuit on notice that a civil commitment order alone does not justify warrantless intrusion into the home of a third person in search of the subject of the commitment order. The case thus represents a significant development in Fourth Amendment

jurisprudence, typifying the importance of pursuing these claims and the unique risks involved for attorneys willing to file these cases.

26. _Skop v. City of Atlanta_, 485 F.3d 1130 (11th Cir. 2007) is another example of the unique challenges involved in handling civil rights claims against law enforcement officials. I represented Laura Skop, who was arrested outside her home by a City of Atlanta Police Officer for misdemeanor obstruction. Ms. Skop asked the arresting officer, who was blocking Ms. Skop's street because of a downed tree, if he could pull his squad car forward eighteen inches so that she could safely pull into her driveway. The officer first ignored Skop's requests but, when she asked for his name and badge number, he placed her under arrest. District Judge Beverly Martin granted summary judgment to the officer on qualified immunity grounds and we appealed on Ms. Skop's behalf. The Eleventh Circuit reversed Judge Martin's decision in a published opinion, holding that the officer was not entitled to qualified immunity because his actions violated Ms. Skop's Fourth Amendment rights under clearly established law. Securing reversal in Ms. Skop's case was no easy task; the Eleventh Circuit reversed grants of summary judgment to defendants less than 4.7% of the time in

2007.  The decision not only led to a favorable settlement of Ms. Skop's claims, the decision also gives guidance to law enforcement officials throughout the Circuit who engage citizens under circumstances that are not fraught with the typical exigencies involved in police/citizen encounters.

27.  Given the unique and complex nature of the claims and risks involved, few attorneys with the necessary experience and expertise are willing to take § 1983 cases against law enforcement on a contingency fee basis.

28.  As founding members of a small firm Mr. Attwood and I must do a significant amount of hourly, blended and flat fee work; nevertheless, I continue to devote significant time to civil rights cases involving claims against law enforcement under the First, Fourth and Fourteenth Amendments to the United States Constitution.  These cases ensure  that the rights preserved by our Constitution remain viable not just for the individual citizens aggrieved by a particular instance of police misconduct, but for society as a whole.  The availability of fully compensatory fee awards under 42 U.S.C. § 1988 is essential to ensuring that attorneys with

experience and expertise continue to represent clients in these important cases.

29. In calculating a fair and reasonable hourly rate for this case, the lodestar rate should be calculated at an hourly rate that reflects the competence, experience, and efficiency brought to bear by the attorneys handling the litigation. The attorneys at Parks, Chesin & Walbert, P.C. and Atkins & Attwood, LLC brought years of experience and an in depth knowledge of the particular legal issues involved in this specialized area of law. Another law firm without that experience and knowledge would have spent more time to provide the same services to Mr. Tuggle. That fact alone justifies setting a lodestar rate at the high end of the range of rates charged by attorneys in the relevant marketplace.

30. Given the significant hurdles that faced Mr. Tuggle in this litigation, the verdict and judgment constitute an outstanding result and qualify Mr. Tuggle as the prevailing party entitled to a fully compensatory fee award. The fact that the jury did not find in Mr. Tuggle's favor on the malicious prosecution claim should have no bearing on the fee award. As was evident throughout the trial, the facts and circumstances relevant to Mr.

Tuggle's First Amendment retaliation and Fourth Amendment false arrest claims were wholly interrelated to those necessary to present the Fourth Amendment malicious prosecution claim.

31. I declare under penalty of perjury pursuant to 28 U.S.C. 1746 that the foregoing is true and correct.

William J. Atkins

# Atkins & Attwood, LLC

6400 Powers Ferry Road, Suite 112
Atlanta, GA 30339

Invoice submitted to:
Mark Tuggle
132 Blue Glass Drive
Jefferson GA 30549

November 12, 2008

Re: Mark Tuggle v. Victor Hill, et al

Invoice #10012

Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/15/2008 | WJA | Prepare for oral argument in Eleventh Circuit; Review briefs and pull relevant caselaw. | 4.30 290.00/hr | 1,247.00 |
| 5/16/2008 | WJA | Continue preparation for oral argument; Analyze relevant caselaw, shepardize and pull recent decisions. | 3.60 290.00/hr | 1,044.00 |
| 5/18/2008 | WJA | Preparation for oral argument; Outline argument and complete review of relevant decisions. | 2.50 290.00/hr | 725.00 |
| 5/19/2008 | WJA | Preparation for oral argument; Complete outline of argument. | 3.30 290.00/hr | 957.00 |
| | JA | Prepare for practice argument with William Atkins by reviewing briefs and relevant caselaw. | 1.50 250.00/hr | 375.00 |
| 5/20/2008 | WJA | Preparation for oral argument; Practice argument with James Attwood; Work on issues raised during practice session. | 6.50 290.00/hr | 1,885.00 |
| | JA | Assist William Atkins with preparation for oral argument before the Eleventh Circuit Court of Appeals. | 1.50 250.00/hr | 375.00 |
| 5/21/2008 | WJA | Prepare for and attend Oral Argument before the Eleventh Circuit Court of Appeals. | 4.50 290.00/hr | 1,305.00 |
| | JA | Attend oral argument before the Eleventh Circuit Court of Appeals. | 2.30 250.00/hr | NO CHARGE |
| 8/6/2008 | WJA | Begin drafting Plaintiff's portion of Pre-Trial Order; Review potential documents/exhibits; Review depositions, initial discovery and discovery responses for witnesses, etc. | 3.00 290.00/hr | 870.00 |

|            |      |                                                                                                                          | Hrs/Rate | Amount |
|------------|------|--------------------------------------------------------------------------------------------------------------------------|----------|--------|
| 8/7/2008   | WJA  | Continue working on Plaintiff's portion of Pre-Trial Order; Meeting with client regarding witnesses, etc.                 | 5.60 290.00/hr | 1,624.00 |
| 8/8/2008   | WJA  | Continue working on Plaintiff's portion of Pre-Trial Order; Telephone interviews with potential witnesses, etc.           | 2.30 290.00/hr | 667.00 |
| 8/10/2008  | WJA  | Finalize Plaintiff's portions of Pre-Trial Order; Research legal issues, etc.                                             | 4.30 290.00/hr | 1,247.00 |
| 8/11/2008  | WJA  | Work with James Dearing on Consolidated Pre-Trial Order; Revise Plaintiff's portions of Pre-Trial Order.                  | 2.50 290.00/hr | 725.00 |
| 8/12/2008  | WJA  | Follow up with James Dearing regarding Defendant's portions of Pre-Trial Order; Call to Ms. Hanna regarding extending time for filing. | 3.30 290.00/hr | 957.00 |
| 8/13/2008  | WJA  | Draft and file Motion to Extend Time to File Consolidated Pre-Trial Order; Continue working on Consolidated Pre-Trial Order. | 2.50 290.00/hr | 725.00 |
| 8/14/2008  | WJA  | Finalize Consolidated Pre-Trial Order.                                                                                    | 3.30 290.00/hr | 957.00 |
| 8/15/2008  | WJA  | Finalize and file Consolidated Pre-Trial Order.                                                                           | 2.50 290.00/hr | 725.00 |
| 9/8/2008   | WJA  | Review Defendant's Motion in Limine; Research issues regarding same.                                                      | 2.50 290.00/hr | 725.00 |
| 9/9/2008   | WJA  | Continue research of legal issues related to jury trial.                                                                  | 3.30 290.00/hr | 957.00 |
| 9/10/2008  | WJA  | Review all discovery responses and relevant pleadings in preparation for jury trial.                                     | 3.30 290.00/hr | 957.00 |
|            | DC   | Conference with Bill Atkins regarding assignment of legal issues and memos for trial.                                     | 0.60 150.00/hr | 90.00 |
| 9/11/2008  | WJA  | Contact witnesses by telephone and confirm meeting for 09/12/08; Prepare subpoenas, etc.                                  | 1.50 290.00/hr | 435.00 |
| 9/12/2008  | WJA  | Preparation for jury trial; Interview witnesses in Clayton County and Phil Hanner at East Point Police Department; Serve subpoenas. | 8.60 290.00/hr | 2,494.00 |
|            | DC   | Legal research regarding application of Qualified Immunity at the trial stage.                                            | 1.20 150.00/hr | 180.00 |
|            | JA   | Review Consolidated Pretrial Order in preparation for trial.                                                              | 0.80 250.00/hr | 200.00 |

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/14/2008 | DC | Legal research regarding jury issues in false arrest cases. | 4.20 150.00/hr | 630.00 |
| 9/15/2008 | WJA | Draft Brief in Opposition to Motion in Limine; Follow up with following witnesses: Antoine, Hanner and Hall. | 6.50 290.00/hr | 1,885.00 |
| | DC | Legal Research regarding First Amendment retaliation claims, Qualified Immunity; Research regarding jury awards and settlements in other First Amendment retaliation cases from other circuits. | 8.50 150.00/hr | 1,275.00 |
| | JA | Legal research regarding Defendant's Motion in Limine; Legal research regarding standard for amending Consolidated Pretrial Order; Preparation for jury trial. | 3.10 250.00/hr | 775.00 |
| 9/16/2008 | WJA | Preparation for jury trial; Review deposition testimony and documenting evidence; Subpoenas to Channel 2 and Fox 5; Interview witnesses; Research discrete evidentiary issues concerning hearsay issues; Admissibility of video evidence. | 9.30 290.00/hr | 2,697.00 |
| | DC | Legal Research regarding First Amendment retaliation claims and Qualified Immunity. | 2.30 150.00/hr | 345.00 |
| | JA | Preparation for jury trial; Review prior testimony of nurses; Review medical records; Call and interview witnesses; Meet with clients regarding preparation for testimony. | 5.30 250.00/hr | 1,325.00 |
| 9/17/2008 | WJA | Preparation for jury trial; Draft and file Motion to Amend Witness List; Interview witnesses including Stanley Tuggle; Research County liability for judgment against Sheriff. | 5.30 290.00/hr | 1,537.00 |
| | DC | Participate in interview of Stanley Tuggle. | 1.80 150.00/hr | NO CHARGE |
| | DC | Draft comprehensive memorandum for Trial Brief regarding legal research; First Amendment; Retaliatory prosecution; False arrest; Malicious prosecution; Qualified Immunity. | 6.00 150.00/hr | 900.00 |
| | JA | Preparation for jury trial; Review exhibits. | 3.20 250.00/hr | 800.00 |
| 9/18/2008 | WJA | Preparation for jury trial; Meeting with clients; Prepare direct examinations; Draft Stipulation of Dismissal for Joanne Borelli. | 7.50 290.00/hr | 2,175.00 |
| | JA | Preparation for jury trial; Interview nurses regarding care of client while in jail; Review medical records; Prepare Jenan Tuggle for testimony; Draft motion to release jury pool information. | 5.30 250.00/hr | 1,325.00 |

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/19/2008 | WJA | Continue preparation for jury trial; Continue interview of witnesses; Review deposition testimony and documentary evidence; Meeting with AV technician at USDC; Set up for jury trial. | 6.30<br>290.00/hr | 1,827.00 |
|  | DC | Travel to and from USDC. | 1.00<br>75.00/hr | NO CHARGE |
|  | DC | Preparation for jury trial; Meet with AV staff to arrange court room. | 1.80<br>150.00/hr | NO CHARGE |
|  | JA | Preparation for jury trial; Work on audio-visual support for direct examination of witnesses and presentation of exhibits; Prepare direct examination outlines; Begin consolidating legal research and preparation for evidentiary objections. | 5.70<br>250.00/hr | 1,425.00 |
|  | WJA | Travel to and from USDC regarding meeting with audio visual technicians; Set up for jury trial | 1.00<br>125.00/hr | NO CHARGE |
| 9/20/2008 | WJA | Preparation for jury trial; Prepare opening, jury charges, direct examinations, etc. | 7.50<br>290.00/hr | 2,175.00 |
| 9/21/2008 | WJA | Preparation for jury trial; Complete jury charges. | 6.50<br>290.00/hr | 1,885.00 |
|  | JA | Preparation for jury trial; Legal research regarding voir dire; Voir dire preparation; Legal research regarding potential evidentiary issues and objections; Draft summary of legal issues that could potentially arise in case. | 6.40<br>250.00/hr | 1,600.00 |
| 9/22/2008 | WJA | Travel to and from USDC for jury trial. | 1.00<br>125.00/hr | 125.00 |
|  | WJA | Preparation for opening statements; Jury selection, etc. | 1.50<br>290.00/hr | 435.00 |
|  | WJA | Jury Trial. | 7.50<br>290.00/hr | 2,175.00 |
|  | WJA | Meet with Mark and Jenan Tuggle after Court; Work with Mark Tuggle on direct examination; Telephone conference with other witnesses; Prepare examinations. | 4.50<br>290.00/hr | 1,305.00 |
|  | DC | Travel to and from USDC. | 1.00<br>75.00/hr | NO CHARGE |
|  | DC | Jury trial. | 7.50<br>150.00/hr | 1,125.00 |

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/22/2008 | JA | Jury Trial. | 7.50 250.00/hr | 1,875.00 |
|  | JA | Meeting with client and wife following trial; Work with Jenan Tuggle on direct examination; Legal research regarding evidentiary issues and admissibility of prior bad acts as to Victor Hill and Mark Tuggle; Prepare direct examination of nurse. | 4.10 250.00/hr | 1,025.00 |
|  | JA | Travel to and from USDC for jury trial. | 0.60 125.00/hr | 75.00 |
| 9/23/2008 | WJA | Preparation for remaining direct examinations, Prepare for cross examination of Victor Hill. | 1.50 290.00/hr | 435.00 |
|  | WJA | Jury trial. | 7.50 290.00/hr | 2,175.00 |
|  | WJA | Preparation with client for direct examination; Other trial preparation. | 2.50 290.00/hr | 725.00 |
|  | DC | Travel to and from USDC. | 1.00 75.00/hr | NO CHARGE |
|  | DC | Jury trial. | 5.00 150.00/hr | 750.00 |
|  | DC | Research prior lawsuits naming Victor Hill as a defendant; Secure certified copies of relevant pleadings; Meet with client; Prepare powerpoint for closing arguments. | 2.50 150.00/hr | 375.00 |
|  | JA | Jury trial. | 7.50 250.00/hr | 1,875.00 |
|  | JA | Legal research regarding evidentiary issues; Prepare direct examination of client's wife; Legal research of prior acts and admissibility in context of punitive damages. | 3.30 250.00/hr | 825.00 |
|  | JA | Travel to and from USDC for jury trial. | 0.60 125.00/hr | 75.00 |
|  | WJA | Travel to and from USDC for jury trial. | 1.00 150.00/hr | 150.00 |
| 9/24/2008 | WJA | Travel to and from USDC for jury trial. | 1.00 125.00/hr | 125.00 |

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/24/2008 | DC | Travel to and from USDC. | 1.00 75.00/hr | NO CHARGE |
| | DC | Prepare supplemental charge request and powerpoint presentation for closing. | 1.30 150.00/hr | 195.00 |
| | DC | Research case law supporting Hill's Request to Charge; Prepare objections to same. | 1.70 150.00/hr | 255.00 |
| | DC | Jury trial. | 6.50 150.00/hr | 975.00 |
| | JA | Jury Trial. | 7.50 250.00/hr | 1,875.00 |
| | JA | Preparation for closing argument; Review notes from trial; Summarize important points for WJA for closing argument. | 1.80 250.00/hr | 450.00 |
| | JA | Travel to and from USDC for jury trial. | 0.60 125.00/hr | 75.00 |
| | WJA | Jury trial. | 7.50 290.00/hr | 2,175.00 |
| | WJA | Prepare for closing argument and charge conference. | 2.50 290.00/hr | 725.00 |
| 9/25/2008 | WJA | Travel to and from USDC for jury trial. | 1.00 125.00/hr | 125.00 |
| | WJA | Preparation for closing arguments; Review defendant's jury charges, etc. | 1.50 290.00/hr | 435.00 |
| | WJA | Jury Trial. | 8.00 290.00/hr | 2,320.00 |
| | DC | Travel to and from USDC for jury trial. | 1.00 75.00/hr | NO CHARGE |
| | DC | Prepare stipulation for jury; Finalize powerpoint presentation for closing. | 0.50 150.00/hr | 75.00 |
| | DC | Jury trial. | 5.50 150.00/hr | 825.00 |
| | JA | Jury trial. | 7.50 250.00/hr | 1,875.00 |

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/25/2008 | JA | Travel to and from USDC for jury trial. | 0.60 125.00/hr | 75.00 |
| 9/26/2008 | WJA | Travel to and from USDC for trial. | 1.00 125.00/hr | 125.00 |
| | WJA | Jury trial. | 8.00 290.00/hr | 2,320.00 |
| | DC | Travel to and from USDC for jury trial. | 1.00 75.00/hr | NO CHARGE |
| | DC | Jury trial. | 8.50 150.00/hr | NO CHARGE |
| | JA | Jury trial. | 8.00 250.00/hr | NO CHARGE |
| | JA | Travel to and from USDC for jury trial. | 0.60 125.00/hr | NO CHARGE |
| 9/29/2008 | DC | Travel to and from USDC for jury trial. | 1.00 75.00/hr | NO CHARGE |
| | DC | Jury trial. | 0.70 150.00/hr | NO CHARGE |
| | JA | Jury trial. | 5.00 250.00/hr | NO CHARGE |
| | JA | Travel to and from USDC for jury trial. | 0.60 125.00/hr | NO CHARGE |
| | JA | Legal research regarding Allen charge. | 0.50 265.00/hr | 132.50 |
| | WJA | Jury trial. | 5.00 290.00/hr | 1,450.00 |
| | WJA | Travel to and from USDC for jury trial. | 1.00 150.00/hr | 150.00 |
| 10/1/2008 | WJA | Review Clerk's Judgment; Telephone conference with Vicky Hanna regarding same; Review revised Clerk's Judgment. | 0.30 290.00/hr | 87.00 |

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/6/2008 | WJA | Prepare Preliminary Motion for Attorneys Fees and Expenses; Review letter from A. Lee Parks regarding Fee Petition; Detailed review of invoice from Parks, Chesin & Walbert; Review and revise invoice for attorneys fees and expenses for Atkins & Attwood. | 2.50 290.00/hr | 725.00 |
| | WJA | Prepare Bill of Costs. | 0.80 290.00/hr | 232.00 |
| 10/8/2008 | WJA | Review Defendant's Motion for Judgment as a Matter of Law and Defendant's Motion for Extension of Time; Calendar due dates. | 0.50 290.00/hr | 145.00 |
| | WJA | Research regarding collection of Judgment from County on official capacity claim. | 4.50 290.00/hr | 1,305.00 |
| 10/10/2008 | WJA | Prepare Preliminary Motion for Attorneys Fees and Expenses; Follow up on outstanding invoice from trial; Finalize invoice. | 0.80 290.00/hr | 232.00 |
| 10/13/2008 | WJA | Prepare and file Plaintiff's Preliminary Motion for Attorneys Fee and Expenses. | 1.00 290.00/hr | 290.00 |
| | WJA | Telephone conference and email exchange with Craig Jones regarding Affidavit in support of Fee Petition. | 0.20 290.00/hr | 58.00 |
| 10/14/2008 | WJA | Review Defendant's Preliminary Motion for Attorneys Fees. | 0.20 290.00/hr | 58.00 |
| 10/17/2008 | WJA | Exchange emails with Jeff Bramlett regarding Affidavit in support of Fee Petition. | 0.20 290.00/hr | 58.00 |
| | WJA | Review Opinion in Kenny A., et al v. Sunny Purdue, regarding attorney fee petition and reasonableness. | 0.60 290.00/hr | 174.00 |
| 10/23/2008 | WJA | Telephone conference with Hunter Hughes regarding Affidavit in support of Fee Petition. | 0.30 290.00/hr | 87.00 |
| | WJA | Draft affidavit in support of Attorney Fee Petition. | 1.80 290.00/hr | 522.00 |
| 10/25/2008 | WJA | Draft Motion to Request Posting of Supersedeas Bond. | 1.50 290.00/hr | 435.00 |
| 10/26/2008 | WJA | Research collection of judgment from Sheriff/County. | 3.50 290.00/hr | 1,015.00 |
| 10/28/2008 | WJA | Review, revise and finalize Motion to Request Posting of Supersedeas Bond; Research Defendant's Motion for Attorney's Fees; Research Rule 11 Motion; Draft Rule 11 letter; Email to opposing | 2.50 290.00/hr | 725.00 |

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| | | counsel advising withdrawal of Defendant's Preliminary Motion for Attorney's Fees. | | |
| 10/28/2008 | WJA | Draft Brief in Opposition to Motion for JNOV, etc | 5.50 290.00/hr | 1,595.00 |
| 10/29/2008 | WJA | Review, revise and finalize Bill of Costs; Telephone conference with Clerk of Court (x2) regarding corrections, etc. | 1.20 290.00/hr | 348.00 |
| | WJA | Research Writ of Execution; Telephone conference with Clerk of Court regarding same; Draft and coordinate filing of same. | 0.60 290.00/hr | 174.00 |
| | WJA | Draft Open Records Act Request to Michael Smith at Clayton County regarding Sheriff's office, budget documents, etc. | 1.00 290.00/hr | 290.00 |
| | | **For professional services rendered** | **380.60** | **$87,866.50** |
| | | Additional Charges : | | |
| 9/16/2008 | | Copying cost - WSB-TV | | 200.00 |
| 9/18/2008 | | American Court Reporting Company - Deposition Costs for Faulkner, McGee, Thomas and Matheny. | | 171.05 |
| 9/19/2008 | | Parking - William J. Atkins | | 13.00 |
| | | Parking - James Attwood | | 13.00 |
| 9/22/2008 | | Parking - William J. Atkins | | 5.00 |
| | | Parking - James Attwood | | 5.00 |
| 9/23/2008 | | Parking - William J. Atkins | | 5.00 |
| | | Parking - James Attwood | | 5.00 |
| 9/24/2008 | | Parking - William J. Atkins | | 5.00 |
| | | Parking - James Attwood | | 5.00 |
| 9/25/2008 | | Parking - William J. Atkins | | 5.00 |
| | | Parking - James Attwood | | 5.00 |
| 9/26/2008 | | Parking - William J. Atkins | | 13.00 |

|  |  | Amount |
|---|---|---|
| 9/26/2008 | Parking - James Attwood | 13.00 |
| 10/6/2008 | Legal Technology Services - audio and visual presentation for trial. | 7,040.00 |
| 10/13/2008 | Copying cost | 252.50 |
|  | Postage | 35.28 |
|  | **Total additional charges** | **$7,790.83** |
|  | **Total amount of this bill** | **$95,657.33** |
|  | Balance due | $95,657.33 |