IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GEORGE MARK TUGGLE,

    Plaintiff,

v.

VICTOR HILL, Clayton County Sheriff, in his individual capacity, and KEMUEL KIMBROUGH, Clayton County Sheriff, in his official capacity,

    Defendants.

CIVIL ACTION NO.
1:06-CV-272-ODE

ORDER

This civil action is before the Court on Defendant Victor Hill's Motion for Judgment as a Matter of Law, Motion for a New Trial, and/or in the alternative, Motion to Amend the Jury Verdict and Motion to Alter the Clerk's Judgement [Doc. #130]. Plaintiff has filed a response in opposition to Defendant's motion [Doc. #139]. Defendant Victor Hill ("Hill") has filed a supplement to his motion [Doc. #176], to which Plaintiff has also filed a response in opposition [Doc. #178]. Hill has filed a reply to Plaintiff's responses [Doc. #184]. For the following reasons, Hill's Motion [Doc. #130] is denied.

I. Procedural and Factual Background

In November 2004, Hill won election as Clayton County Sheriff, beating Plaintiff George Tuggle's brother, the incumbent. Upon assuming the office of sheriff in January 2005, Hill fired a number of employees. When Plaintiff George Tuggle ("Tuggle") learned of the firings, he made two phone calls to Hill's office,

expressing his displeasure in strong language.[1] After Hill heard the messages left by Tuggle, he ordered him to be arrested. Tuggle ultimately surrendered himself to the Clayton County jail, where he spent approximately twenty-nine hours in custody. During his time in custody, Tuggle's blood pressure was high. Tuggle's "book-in" picture was released to the news media.

On February 7, 2006, Tuggle filed this lawsuit against Hill alleging violations of his rights under the First and Fourth Amendments to the United States Constitution, as well as pendant state law claims. [Doc. #1 at 1]. Specifically, Tuggle brought claims of retaliatory prosecution, false arrest, and malicious prosecution. The case proceeded to trial on all three claims. The jury found for Tuggle on the retaliatory prosecution and false arrest claims, and found for Hill on the malicious prosecution claim. [Doc. #126]. The jury awarded Tuggle $250,000 in compensatory damages and $225,000 in punitive damages. Id.

II. Discussion

In his Motion for Judgment as a Matter of Law, Motion for a New Trial, and/or in the alternative, Motion to Amend the Jury Verdict and Motion to Alter the Clerk's Judgment ("Defendant's motion"), Defendant does not argue that the jury's finding on liability should be put aside. See [Doc. #130]. Rather, Defendant argues that the jury's award of compensatory and

---

[1] Tuggle called the sheriff's office and left a voice message on January 3, 2005, calling Hill a "little, short lil' bastard sheriff." [Doc. #178 at 4]. Tuggle called back several minutes later and spoke to an officer, saying that anyone who would fire people around Christmas is scum. Id. at 5.

2

punitive damages was excessive, and the Court should therefore set aside the damages award, grant a new trial, or reduce the amount of the award. Id. at 2.

Defendant's motion is brought under Federal Rules of Civil Procedure 50 and 59. Id. at 2-3. A motion under Rule 50 should be granted when, viewing the facts and inferences in the light most favorable to the non-moving party, "the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes reasonable men could not arrive at a contrary verdict." United States v. Vahlco Corp., 720 F.2d 885, 889 (5th Cir. 1983) (internal quotation marks omitted). A motion for a new trial pursuant to Rule 59 may be granted if the trial judge believes that the jury's verdict was contrary to the great weight of the evidence. Williams v. City of Valdosta, 689 F.2d 964, 973, (11th Cir. 1982).

As an initial matter, the Court finds that the trial was well-litigated on both sides and that there is no justification for granting Defendant judgment as a matter of law or a new trial on the liability verdict. The jury's verdict in regard to liability was not contrary to the great weight of the evidence presented at trial. The damages portion of the verdict and Defendant's arguments in regard to it are addressed below.

A.  Compensatory Damages Award

Hill argues that the jury's compensatory damages award was excessive because, at trial, Tuggle introduced no evidence of direct monetary loss or physical injury. [Doc. #176 at 8-9]. Hill also argues that there is insufficient evidence supporting Tuggle's claims of mental and emotional injury. Id. at 11.

3

Accordingly, Hill contends that his motion for judgment as a matter of law should be granted, or in the alternative, that the Court should reduce Tuggle's compensatory damages.[2] Id. at 12.

The Supreme Court has held that a plaintiff seeking damages under § 1983 may recover only for actual injuries. Carey v. Piphus, 435 U.S. 247, 263-64, 98 S.Ct. 1042, 1052 (1978). Compensatory damages "cannot be presumed or based on the abstract value of the constitutional rights that defendant violated." Slicker v. Jackson, 215 F.3d 1225, 1229 (11th Cir. 2000). As the United States Court of Appeals for the Eleventh Circuit has explained, this does not require a plaintiff show direct monetary loss. Id. Rather, a § 1983 plaintiff may recover for "demonstrated mental and emotional distress, impairment of reputation, and personal humiliation." Id. at 1231.

In this case, Tuggle presented evidence of mental distress, impairment of his reputation, and personal humiliation. Tuggle testified that when he went through the intake process at the jail, his blood pressure was extremely high and the nurses were concerned. Trial Trans. Vol. III at 596. Tuggle also testified that, in connection with his employment as an RV salesman, he attended the Atlanta Camping Show the day after his release. Id. at 600. However, Tuggle was unable to conduct business as normal because many people had heard about his arrest and stopped by to

---

[2] Tuggle contends that Hill has waived this argument because he did not raise it in the initial 50(a) motion for judgment as a matter of law at the close of the evidence. [Doc. #139 at 3-4]. Because it is clear that the jury's damages award is not against the great weight of the evidence, the Court declines to address Tuggle's waiver argument.

4

speak to him about it. Id. Tuggle testified that several customers called his house after seeing news reports that he had been arrested. Id. These news reports showed footage from Tuggle's bond hearing and also his book-in photograph, in which Tuggle is wearing an orange jumpsuit. Id. at 598, 602-03, 605.

Thus, the evidence presented by Tuggle at trial establishes more than an abstract violation of his constitutional rights; the evidence supports a finding of actual injury. The jury was entitled to credit this evidence and to award compensatory damages accordingly. Because the jury's damages award is not against the great weight of the evidence, the Court may not disturb it.

B. Punitive Damages Award

Hill also argues that the punitive damages awarded in this case are excessive. [Doc. #130 at 4-7]. The Supreme Court has "instructed courts reviewing punitive damages to consider three guideposts: (1) the degree of reprehensibility of the defendant's misconduct; (2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award; and (3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases." State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 418, 123 S.Ct. 1513, 1520 (2003). Neither party has identified any civil penalties that would apply in this case, or presents an argument regarding how the third factor should be applied here. See [Doc. #130, #139, #176, #178]. Accordingly, the Court restricts its analysis to the first two factors.

Hill argues that, because his conduct did not cause Tuggle physical or economic loss and because the conduct was lawful when

5

it occurred, Hill's conduct was not reprehensible. [Doc. #176 at 13-14]. The Supreme Court has stated that the relevant considerations under the reprehensibility factor are: whether the harm was physical or economic, whether the conduct demonstrated an indifference to or reckless disregard of the health and safety of others, whether the conduct was an isolated incident or repeated, and whether the harm was the result of intentional malice or mere accident. State Farm, 538 U.S. at 419, 123 S.Ct. at 1521. Here, the harm caused to Tuggle was primarily mental and emotional. Hill's conduct evinced a reckless disregard for Tuggle's safety and health; Tuggle spent twenty-nine hours in jail. The arrest was an isolated event, but Hill's actions were not mere accident. Although the jury found for Hill on the malicious prosecution claim, Hill's actions, again, were clearly not accidental. Finally, the jury found that Hill violated Tuggle's First and Fourth Amendment rights. On balance, these considerations weigh in favor of an award of punitive damages.

The second factor, the ratio between the award of compensatory damages and the award of punitive damages, supports upholding the jury's verdict here. While reluctant to establish a bright-line ratio between compensatory and punitive damage awards, the Supreme Court has generally approved of single-digit multipliers. State Farm, 538 U.S. at 425, 123 S.Ct. at 1524. Here, the ratio between the compensatory damages ($250,000) and the punitive damages ($225,000) is less than 1:1, falling well within the range that is generally acceptable. Accordingly, the Court finds that the jury's punitive damages award should not be altered.

III. Conclusion

The Court has carefully considered the parties' submissions. Defendant's Motion for Judgment as a Matter of Law, Motion for New Trial, and/or in the alternative, Motion to Amend the Jury Verdict and Motion to Alter the Clerk's Judgment and Supplement to Motion [#130, 176] are DENIED.

SO ORDERED, this 4 day of May, 2009.

ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE